## MORRIS v. PURCELL BANK & TRUST CO.

No. 10157—Opinion Filed Feb. 7, 1922.

(Syllabus.)

1. **Trial—Directed Verdict—Prejudicial Error.**

It is error for the court to peremptorily instruct a verdict in favor of the plaintiff for a specified sum in a case tried by a jury where the evidence is conflicting, and upon which the jury might reasonably find against the defendant a less sum than that instructed by the court to be found for the plaintiff. (Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767.)

2. **Usury—Illegal Interest in Guise of "Discount."**

When the lender exacts of the borrower as a condition of the loan a sum in addition to the highest legal rate of interest, the loan is thereby tainted with usury, and the taint is not removed by giving this charge the name of "discount." (Bristow v. Central State Bank, 68 Oklahoma, 173 Pac. 221.)

3. **Appeal and Error—Review—Verdict—Insufficiency of Evidence.**

In an action of purely legal cognizance the jury is the exclusive judge of the facts, and their verdict will not be disturbed upon appeal if there is any competent evidence tending to support the verdict; but where the

conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and this court will reverse any judgment based thereon and will remand for a new trial. (Elson v. Walker et al., 80 Okla. 237, 195 Pac. 899; City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112.)

**4. Usury—Action for Penalty After Usury Paid—Issues.**

In a suit to recover penalty for usury under section 1005, Rev. Laws 1910, when interest has been paid, the first material fact to be found is not the amount of usury charged, but is this; Was any usury charged and paid? Any usury is sufficient to taint the contract. And the second material fact to be found after defendant is so found guilty of the charge of usury, is the penalty under said section, which requires the finding of the amount of interest paid, and when so found is to be multiplied by two, which produces the amount of penalty and the amount of recovery.

Error from District Court, McClain County; F. B. Swank, Judge.

Action by Spencer J. Morris against the Purcell Bank & Trust Company, of Purcell, a corporation, for $612.42 penalty for usury. Judgment in favor of plaintiff for $22, and plaintiff appeals. Judgment reversed, and cause remanded for a new trial.

E. E. Glasco and Roy Glasco, for plaintiff in error.

C. G. Moore, for defendant in error.

ELTING, J. This cause was instituted in the district court of McClain county, Okla., by plaintiff below, plaintiff in error herein, against the defendant below, defendant in error herein, to recover the sum of $612.42 as penalty for usury charged and collected from the plaintiff by the defendant.

The case was tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $22. The plaintiff filed a motion for a new trial in due time; the same was overruled by the court and appeal lodged in this court.

The transaction took place on and after March, 1914, and up to and including January 22, 1915, upon which last date the notes and entire debt were paid to defendant. There were several different notes given by the plaintiff to the defendant at different times during this period, and there were different periods and installments of interest figured and paid, and to arrive at the amount of interest charged and the actual rate charged is a little difficult.

As heretofore stated, the jury returned a verdict in favor of the plaintiff in error in the sum of $22. The jury, under the instructions as given by the trial court, could not have arrived at this verdict in favor of the plaintiff without having determined that there was some charge of usury. At the close of the evidence the plaintiff asked the court to direct a verdict for the amount sued for, or $612.42, this being the amount the plaintiff had made demand upon defendant for before filing suit. The plaintiff alleged in his petition, and according to his contentions in his brief, that he had paid the defendant the sum of $338.35 interest, and that under the statute he would be entitled to recover twice that amount, which would be $676.70, but only having demanded the lesser amount of $612.42 and the proofs being uncontradicted, that the plaintiff was entitled to have an instructed verdict for this amount. We do not think, as the facts are found to be in the record, that the plaintiff in error was entitled to a peremptory instruction, for the reason there could be different inferences drawn from the evidence and the calculations made, based upon the evidence, would probably differ in their results.

The first paragraph of the syllabus of the case of Miller v. Oklahoma State Bank of Altus, 53 Okla. 616, 157 Pac. 767, reads as follows:

"It is error of the court to peremptorily instruct a verdict in favor of a plaintiff for a specific sum in a case tried by a jury where the evidence is conflicting, and upon which the jury might reasonably find against the defendant in a less sum than that instructed by the court to be found for the plaintiff."

This cited case is a usury case, and we think this law applies to the situation in this case.

The other requested instructions by the plaintiff, we think, are substantially covered by the instructions given by the court to the jury. In so holding, we hold there is no error of law committed in this suit and under the assignments sought to be argued. This leaves one sole question: Is the verdict of the jury reasonably sustained by the evidence? If we hold that it is, we have to affirm the judgment. If we hold that it is not, we are compelled to reverse the judgment. The plaintiff below, plaintiff in error, contends that it is not reasonably sustained, while the defendant below, defendant in error, contends that it is.

We now go into the consideration of this question. But before we pursue this fur-

ther, we will cite and quote section 1005, Rev. Laws 1910, as follows:

"The taking, receiving, reserving or charging a rate of interest greater than is allowed by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving same, in an action in the nature of an action of debt, twice the amount of the interest so paid: Provided, such action shall be brought within two years after the maturity of such usurious contract; Provided, further, that before any suit can be brought to recover such usurious interest, the party bringing such suit must make written demand for return of such usury."

We have read over the evidence given by the plaintiff in error in this suit, Spencer J. Morris, and the exhibits shown in the record in connection with his evidence. While his evidence is not as satisfactory as it might be, we think it sufficient upon which to base a calculation showing within a very few dollars the amount of interest paid by him to the defendant and the amount of actual cash received by him and the amount in excess of ten per cent. of interest paid by him for the period of time in which he used the money of the defendant bank, and the amount so overpaid in excess of the legal rate of interest can be calculated within at least a few dollars, if not within a few cents, of the actual amount.

The jury in finding any amount for the plaintiff at all in their verdict must of necessity have found that there had been usury charged. The exact amount of usury so charged is immaterial, but the fact that any usury had been charged at all was material, and the fact that the jury found any usury at all is reasonably sustained by the record.

The jury being justified in finding any usury in any amount at all is sufficient to taint the transaction with usury. The statute we have heretofore quoted, defining usury and fixing the penalty for same, makes it necessary for the jury to find another fact, and that is the amount of interest paid under the usurious transaction, and after determining the amount of interest so paid, when multiplied by two, that determines the amount of the penalty and the amount of the verdict that should be returned. To return, under the facts as

disclosed by this record, a verdict of only $22 in favor of the plaintiff is to return a verdict that is not reasonably sustained by any competent evidence.

Two of the exhibits connected with the evidence of the plaintiff were two letters addressed to the plaintiff from John H. Perry, secretary of the defendant bank, and who handled the transaction with the plaintiff. In one of the letters Perry admitted specifically a charge of 12 per cent. interest, and in the other letter admitted it by strong inference.

The bank, to meet the evidence of the plaintiff, placed the president of the defendant bank upon the stand, who, in his evidence, admitted a charge in excess of ten per cent. interest, but sought to justify it upon the ground that the charge was legal because it was what he called "bank discount." We must confess that this is a rather unusual kind of bank discount, and a kind that we are rather loath to place in the catagory of legitimate bank discount. In the case of Bristow v. Central State Bank, 68 Oklahoma, 173 Pac. 221, the first paragraph of the syllabus reads as follows:

"When the lender exacts of the borrower as a condition of the loan a sum in addition to the highest legal rate of interest, the loan is thereby tainted with usury, and the taint is not removed by giving this charge the name of 'discount.'"

While the president of the defendant bank in his testimony disavowed usury and the intention to charge such, he at the same time stated that he was unfamiliar with the transaction and did not handle it, and did not undertake to make a showing from the records of the bank that would in any way tend to clear the taint of usury and rebut the evidence of the plaintiff.

The following is the third paragraph of the syllabus of Elson v. Walker et al., 80 Okla. 237, 195 Pac. 899:

"A verdict and judgment will not be disturbed by this court if there is any competent evidence reasonably tending to support the same, but, if there is no competent evidence upon which a judgment might reasonably be based, such judgment will be reversed."

To the same effect is City of Duncan v. Tidwell, 48 Okla. 382, 150 Pac. 112.

The undisputed facts in this record show that the plaintiff executed two notes on April 7, 1914, running until October 9, 1914. One note was for $3,116.89, and the other for $211. On October 9th a $1,000 note was executed, and on December 15th a $180 note was executed, both falling due January 1, 1915. The entire indebtedness covered by

these notes was paid January 22, 1915, by the plaintiff to the defendant. The record shows that the following items of interest were paid, and this evidence is not denied by the defendant:

$12.00; $11.00; $120.00; $7.78; $1.00; $173.00, and some cents.

It must be a manifest conclusion that the sum total of these items multiplied by two would be in excess of $22.

Hoping that the mathematics of this case may be handled with more care, either by the court or a jury, in another trial of this cause, we are under the necessity of having to reverse this judgment for the reason that the same is not reasonably sustained by any competent evidence.

This cause is, therefore, reversed and re-manded for further proceedings not incon-sistent with the holding herein.

PITCHFORD, V. C. J., and JOHNSON, McNEILL, and NICHOLSON, JJ., concur.