## ALLIS CHALMERS CO. v. LAMB.

No. 25392.    Oct. 8, 1935.

T. R. Blaine and Ayres, Cowan, McCorkle & Fair, for plaintiff in error.

Clay O. Oakes, for defendant in error.

WELCH, J.   Plaintiff sued to recover $587 balance due on purchase price of farm tractor sold to defendant for $995.

The defendant answered admitting purchase of the tractor and nonpayment of the balance, and further answering, defendant alleged an implied warranty that the machine would function and do the work for which it was manufactured and sold in a satisfactory manner, and that said warranty was wholly breached; that the tractor was wholly worthless, or of the actual value of not more than $100, and by cross-petition he sought recovery of actual damages alleged to have been suffered in an effort to use the tractor, and judgment for the return to him of the down payment of $398.

Upon trial both plaintiff and defendant introduced testimony as to the efficiency of the

tractor and as to its actual operation in farm work. There was evidence tending to show that the tractor operated with fair efficiency, and upon the contrary, there was evidence tending to show that the tractor did not function at all or was so faulty in operation as to be worthless or of scant value.

At the conclusion of the trial the defendant moved for a directed verdict for two reasons:

"(1) That this defendant has shown by a preponderance of the evidence a breach of warranty by the plaintiff and that this defendant is entitled to the relief prayed for.

"(2) For the further reason that the plaintiff's evidence constitutes no defense to defendant's answer and cross-petition filed herein."

The trial court sustained that motion and instructed the jury to return a verdict for the defendant for $398, and for cancellation of notes for the balance of the purchase price, and for the return of the tractor to the plaintiff. Judgment being rendered accordingly.

Evidently the trial court was of the view that the evidence preponderated in favor of the defendant, but the foregoing statement of the matter would seem to demonstrate that the trial court was in error in directing a verdict.

It was for the jury to pass upon the credibility of the witnesses and the weight and value of their conflicting testimony. This was an action for the recovery of money, and in such actions the issues of fact, as provided by statute, must be determined by the jury. Since the case must be retried, we make no further comment on the evidence, further than to say that from the conflicting statements of witnesses, and from the facts and circumstances presented by the testimony, the minds of reasonable men might differ as to the true facts in dispute. In such case it is error for the court to determine the matter and direct a verdict.

Other contentions are presented in reference to the express and implied warranties, and in reference to the acts and conduct of the parties with each other, but since the cause must be remanded and the parties will have additional opportunity to attack or amend the pleadings, we do not deem it necessary to further consider such other contentions.

The judgment appealed from is reversed, the cause remanded, with directions to vacate the judgment and grant plaintiff a new trial.

McNEILL, C. J., and BAYLESS, PHELPS, and GIBSON, JJ., concur.