## SEIDENBACH'S v. BEACON PUB. CO.

No. 26478.   Nov. 24, 1936.

Samuel A. Boorstin, for plaintiff in error.

Milsten & Milsten, for defendant in error.

PER CURIAM. The parties hereto will be referred to as they appeared in the lower court, where the Beacon Publishing Company, a corporation, was plaintiff, and Seidenbach's, a corporation, was defendant.

The plaintiff, on June 8, 1934, filed its petition in the common pleas court of Tulsa county, Okla., alleging that the defendant was indebted to it in the sum of $665.60 "for advertising and services and newspaper copy which said plaintiff sold to said defendant between the 3rd day of December, 1931, and the 28th day of October, 1932, * * * which sum said defendant agreed to pay. A full, true and correct itemized account of same, duly verified, is filed herewith, attached hereto as a part hereof, marked exhibit 'A', showing the items thereof and the credits to which defendant is entitled, and the said sum of $665.60 is due and wholly unpaid." There was attached to said petition an itemized statement of said account and the following affidavit:

"I, M. M. Levand of lawful age, being first duly sworn upon oath depose and say:

"That I am the treasurer of the Beacon Publishing Company, the plaintiff herein, and have personal knowledge of the foregoing itemized statement of account and that there is due and owing the plaintiff, the Beacon Publishing Company, a corporation, from this defendant the principal sum of $665.60, together with interest thereon at the rate of 6% per annum from the 28th day of October, 1932, after giving this defendant credit for all set-offs, payments, and counterclaims. So help me God."

The defendant filed a motion to make more definite and certain to said petition, which was in part overruled and sustained in part.

The defendant filed a motion to state separately and number separate causes of action and to make more definite and certain to said petition, which motion was overruled.

A general demurrer was filed by said defendant, which was by the court overruled.

The defendant filed its answer, which consisted of a general denial, and denied "that said account sued on by the plaintiff is correct, and defendant prays that plaintiff be required to furnish strict proof thereof; and defendant further alleges that it, the said defendant, has made payments upon said account for which credit has not been given, and there are certain credits to which said defendant is entitled for which credit has not been given on said account." This answer was not verified. There was no reply filed by the plaintiff.

A jury was impaneled and evidence introduced by the plaintiff, whereupon the defendant demurred to the same, which demurrer was by the court overruled and exception noted.

The defendant introduced its evidence, after which both parties rested. The defendant demurred to all the evidence, which was by the court overruled. The defendant then requested the court to instruct the jury to return a verdict for the defendant, which was by the court overruled. The defendant saved its exceptions to both orders of the court.

The plaintiff then requested the court to direct the jury to return a verdict for the plaintiff and against the defendant for $654.60, whereupon the court directed the jury as follows:

"Gentlemen of the jury, under the evidence, considering it as a whole, and giving the defendant credit for $11 which they claim was not authorized so far as advertising was concerned, the court is of the opinion that the verdict should be directed

for the plaintiff, in the sum of $654.60, with interest at 6 per cent. per annum from October 28, 1932, until paid. I will appoint Mr. Ellis foreman of the jury to sign the verdict."

The verdict was returned as directed by the court. The defendant excepted and was allowed an exception. A judgment was rendered in accordance with said verdict.

A motion for new trial was duly filed and overruled by the court, excepted to, and notice of appeal given by the defendant.

This is an action for the recovery of money. The main question before the court is, Did the lower court commit error in directing the jury to return a verdict for the plaintiff, under all of the evidence? Did the court overlook section 350, O. S. 1931?

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, * * * shall be tried by a jury, unless a jury trial is waived, or reference be ordered, as hereinafter provided."

This action had not been referred and the jury had not been waived. It is then necessary to examine the evidence to see if there was any conflict or dispute as to the facts. If there was no dispute as to the facts, then the court did not err in directing the verdict. If there was a conflict in the evidence, which would cause reasonable men to differ as to the true facts, or as to the amount of the recovery, then it was error for the court to direct a verdict for either the plaintiff or the defendant.

The only evidence of the plaintiff was that of the witness J. J. Crittendon, the auditor and credit manager for the plaintiff, and the ledger sheets showing the account against the defendant. These were not made by the witness Crittendon, but by others in his office and under his supervision, with a bookkeeping machine. The items sued for by the plaintiff consisted of items for the printing of advertisements in the newspaper owned and published by the plaintiff at Wichita, Kan., where the defendant had a store. The witness testified that all orders for printing were verbal and sometimes written copy furnished for the advertisement, and other times there was no written copy. The witness Crittendon, on cross-examination, testified that the ledger sheets, identified by him, showed the space printed in the newspaper, and that he had checked said items; that every item "was actually printed in the newspaper." In explaining how the entries were made on the ledger sheets, the witness said that

the bookkeeper would take the issue of the paper and make the entry in the ledger with a bookkeeping machine. This witness, on further cross-examination, stated that he "did not check every item the bookkeeper made," and could not "absolutely swear to the space in the account"; that he had "no personal knowledge as to whether or not that was the actual amount run by" the paper on March 18, 1932. He could not pick out any item and say that he did or did not check the same, and that he assumed that the parties under him did their duty and made the correct entries; he would not swear that the item of June 17, 1932, was a correct measurement. As to the credits on the account, Mr. Crittendon did not receive the checks by which payments were made, and all that he knew was "they were credited to this account as he paid."

The testimony of the witness Crittendon was not very satisfactory, and in our opinion not very convincing.

The defendant's evidence consisted of the testimony of the president of the defendant company, who lived in Tulsa, and of Lyle Coats, who had charge of the store for the defendant in Wichita, Kan., and was the only one who had the authority to order the printing of the advertisements, together with certain voucher checks showing the payment of certain amounts. The testimony of the president of the company was that he countersigned the checks, and to explain the notation and figures on the checks.

Mr. Lyle Coats, the manager of the store, stated that he was the only person who had authority to order advertising, and that he had never ordered any advertisements without furnishing copy of the same and giving the number of inches to be run; that at times the plaintiff company ran advertisements without any order or copy. This witness testified that "they (the plaintiff) would run page ads, indorsing someone or complimenting someone on their birthday or indorsing some city official and put our names on that."

The defendant in its brief presents three propositions why this case should be reversed and the judgment of the lower court set aside. These propositions are as follows:

"(1) Where in a suit on an account the plaintiff attempts to prove the account merely by offering in evidence its ledger sheets, which show the first entry to be a balance of $1,044.25, without pleading or proving the items which go to make up the balance,

it is error to allow the ledger sheets to be admitted in evidence."

"(2) Where in a suit on account plaintiff attempts to prove the account by offering in evidence its ledger sheets unsupported by any evidence other than the testimony of the general auditor and business manager, who exercises only general supervision of the accounts and has no personal knowledge concerning the regularity or correctness of the entries, it is error for the sheets to be admitted in evidence."

"(3) Where the evidence of plaintiff is insufficient to prove a prima facie case in a suit on an account, it is error for the trial court to direct a verdict for the plaintiff."

It will not be necessary to consider the first and the second propositions presented and argued. The trial court must have taken the view that the evidence preponderated in favor of the plaintiff, but, as we view the evidence, after a careful reading of the same, we are of the opinion that from the conflicting statements of the witnesses, Crittendon and Coats, and from the facts and circumstances presented by the testimony, the minds of reasonable men might differ as to the true facts in dispute. There are certain statements of the defendant's witness, Coats, that would cause doubt as to whether the defendant had ordered certain advertisements inserted in the plaintiff's paper. These facts were not denied by the plaintiff's witness.

Under section 350, O. S. 1931, issues of fact arising in actions for the recovery of money shall be tried by a jury.

Allis Chalmers Co. v. Lamb, 174 Okla. 118, 49 P. (2d) 1071:

"In an action for the recovery of money it is for the jury to determine the credibility of the witnesses and the weight and value to be given their testimony in determining the issues of facts."

"On motion for instructed verdict the court cannot weigh the conflicts in evidence or determine the cause upon the credibility of the witnesses. * * *

"When the facts and circumstances shown by conflicting evidence are such that reasonable men might differ in their conclusion as to the ultimate facts in issue, and might reasonably differ as to the right to recover on cross-petition, or the amount of such recovery, it is for the jury to determine the issue, and it is error to direct a verdict for the defendant for a fixed portion of the sum sought by him on cross-petition."

The judgment appealed from is reversed and the cause remanded, with directions to vacate the judgment and grant the defendant a new trial.

The Supreme Court acknowledges the aid of Attorneys L. L. Cowley, Kenneth H. Lott, and A. D. Cochran in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Crowley and approved by Mr. Lott and Mr. Cochran, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. RILEY, BUSBY, and PHELPS, JJ., absent.