Victor FRANKFURT, Plaintiff in Error,

v.

Calvin BUNN d/b/a Bunn Electric, Defendant in Error.

No. 41035.

Supreme Court of Oklahoma.

Dec. 7, 1965.

James E. Grigsby, Oklahoma City, for plaintiff in error.

Cecil W. Rote and George LaCoste, Oklahoma City, for defendant in error.

HODGES, Justice.

This is an action for the recovery of money and the foreclosure of a labor and materialman's lien for electrical work and materials furnished on the repair of a hotel in Oklahoma City, Oklahoma. The parties will be referred to by their trial court designation.

The plaintiff alleged in his petition that the plaintiff and defendant entered into an oral contract whereby plaintiff was to perform certain electrical repairs on a building owned by the defendant; that pursuant thereto the plaintiff did perform such labor and furnish materials; and that after giving credit for payments in the amount of $2500.00 there remained an unpaid balance of $1,290.72.

The defendant in his answer admitted that the plaintiff did some electrical work.

but alleges that he was fully paid for the work done and material furnished by the plaintiff.

A jury was empaneled and at the close of all the evidence the trial court directed the jury to return a verdict in favor of the plaintiff and against the defendant for the amount sued for, $1,290.72, with interest thereon at the rate of 6 per cent per annum from December 8, 1961 and an attorney's fee of $150.00 and costs, and ordered foreclosure of the lien.

The defendant contends that there was only one evidentiary fact involved in the case and that was the question of the reasonable value of the services performed by plaintiff and the reasonable value of material used. The defendant argues that in this respect there was no proof. For that reason it was the province of the jury to determine from its own experience whether the value of the services performed by plaintiff was worth the amount charged, and whether the charge for material furnished was fair and reasonable, citing Brown v. Baird, 5 Okl. 133, 48 P. 180; Miller v. Oklahoma State Bank of Altus, 53 Okl. 616, 157 P. 767; Morris v. Purcell Bank & Trust Co., 85 Okl. 45, 204 P. 436.

The defendant further contended that the trial court by directing the jury to return a verdict for the plaintiff deprived the jury of the right to pass upon the credibility of the plaintiff, the only witness for the plaintiff, citing Seidenbach's v. Beacon Pub. Co., 178 Okl. 238, 62 P.2d 632; Allis Chalmers Co. v. Lamb, 174 Okl. 118, 49 P.2d 1071.

Plaintiff testified that he worked off and on from January, 1961 to September, 1961; that the last payment made by the defendant was in July, 1961 and when defendant refused to pay any more he stopped the work. The plaintiff further testified that he performed 375 hours of labor from January to September 23, 1961 and that he used material on the building for which he charged $1,540.72 for a total charge for labor and material of $3,790.72 and after giving defendant credit for payments amounting to $2,500.00 there was a balance due of $1,290.72. The plaintiff on cross-examination was asked how he figured the amount of the labor:

"A. I figured it $6.00 an hour, that is the way it was figured out.

"Q. Well, did you ever work your four men a full eight hours? If you had, then you would have had thirty-two hours for that day, wouldn't you?

"A. I didn't figure it that way, I figured just me, the other men weren't figured in this deal. I took it by the contract, I figured myself for $6.00 an hour and I hired the men myself, that is the way I figured that."

The plaintiff introduced in evidence an exhibit showing the number of hours per day labor was performed and an exhibit showing each item of material used, its quantity and price. It was an itemization of what work the plaintiff had done and what materials he used pursuant to the oral contract, and the value he placed on each item.

■ The evidence of the plaintiff does show a detail breakdown of the labor performed and materials furnished. The plaintiff by his testimony and his exhibits has placed a value on both the labor and materials. This evidence was not controverted by the defendant, either upon cross-examination of the plaintiff, or by evidence presented on his behalf. The mere denial of an account in an answer does not raise an issue of fact for a jury, unless the account is in some way contradicted or controverted by evidence or shown to be unreasonable by the circumstances surrounding the case.

The plaintiff was further examined by the defendant's attorney concerning a discussion with the defendant:

"Q. Did he tell you you were too high then?

"A. No, sir, he never mentioned that being too high."

■ This testimony was never controverted or in any manner contradicted by the defendant. The defendant by failing to

take issue with this testimony has acquiesced therein.

An examination of the cases cited by the defendant show that in each of the cases the court was confronted with conflicting evidence. In the present case we have no conflicting evidence and for that reason the cited cases are distinguishable.

In Seidenbach's v. Denney et al., 193 Okl. 650, 146 P.2d 105 this court upheld a directed verdict for the plaintiff on an open account and stated:

"* * * Assuming that the defendant raised the issue of correctness of the account by its denial * * * there was no evidence denying the duly itemized merchandise sold by defendant. We have held that where the evidence is undisputed or is so clearly preponderant that it reasonably admits of but one conclusion the proper disposition of the case upon the evidence becomes a question of law to be determined by the court. * * *"

In Koehn v. Fluman, 191 Okl. 71, 126 P.2d 1002, a witness for the defendant testified that he called upon the County Treasurer to redeem the land in question, but the plaintiff contended that the trial court had the right to weigh this evidence and pass upon the credibility of the witness. The court said where the evidence is uncontradicted and is not inherently improbable or unreasonable and no attempt was made to impeach the witness that "[u]nder such circumstances we are not at liberty to disregard it."

In Spillers v. Colby, Okl., 391 P.2d 895 in syllabus (1) we held:

"Where the positive testimony of the witness is uncontradicted and unimpeached, whether by other positive testimony or by circumstantial evidence, either intrinsic or extrinsic, and where it is not inherently improbable, either in itself or in connection with other circumstances, or where it does not contain contradictions in itself or with other evidence satisfying the court or jury of its falsity, it cannot be disregarded and must control the decision of the court or jury."

The defendant's only witness was the manager of his hotel, but she contributed nothing to the issue of the value of labor or the value of the material used, nor did she present any conflicting evidence. But on the contrary her testimony was corroboration that the plaintiff did perform services and furnished materials for the improvement of the building.

The evidence of the plaintiff on the labor and material was itemized and detailed in every respect. It was never controverted or disputed by the defendant and so the only remaining question is whether the amount charged was inherently improbable or unreasonable.

The plaintiff testified that the total amount charged for the labor and material was $3,790.72 compared with the contract price of $5,000.00. He also testified that more than half of the electrical work was completed when the work was stopped. The defendant's witness said that most of the wiring in the building was completed by the plaintiff when he quit and this testimony when taken in connection with the plaintiff's evidence is further corroboration that the amount charged by the plaintiff for the labor and material was fair and reasonable. There is no testimony in the record that would indicate or infer that these charges were unreasonable.

■ There being no question of fact presented we conclude that the court did not err in directing a verdict in favor of the plaintiff.

The defendant also contends that the trial court erred in allowing interest at 6 per cent from December 8, 1961 which was the date the lien was filed. The defendant argues that no interest can be allowed on an unliquidated claim until the exact amount due is fixed under judgment.

In the present case we have an action for the recovery of money arising out of a breach of an obligation under an oral contract. The amount sued for by the plaintiff was based on a computation from the

agreed contractual figure. In such instances our statutes provide:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon." 23 O.S.1961, § 22.

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt." 23 O.S.1961, § 6.

■ Applying these statutes in an action to recover damages based on an implied contractual obligation, we have held that the plaintiff was entitled to interest where the amount sued for was capable of being made certain and the right to recover vested at a particular time. Blackwell Oil & Gas Co. v. Mid-Continent Petroleum Corp., 182 Okl. 588, 79 P.2d 227. In Independent School Dist. No. 65, Wagoner County v. Stafford, 208 Okl. 542, 257 P.2d 1092, we stated that we "* * * consistently have held that interest is recoverable where the right to recover vests at a particular time, and the amount sued for is capable of being made certain. * * *"

■ In the instant case, the contract provided that the defendant would "pay along on his bill" in such amount as the work progressed. The amount sued for was readily capable of ascertainment by computation and as previously determined was not controverted by the defendants. We find no error in the amount of interest allowed by the trial court.

Judgment affirmed.

HALLEY, C. J., and DAVISON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

JACKSON, V. C. J., and WILLIAMS and LAVENDER, JJ., concur in part and dissent in part.