Jon R. WITHROW, Richard D. Darnell, Herbert H. Holmes, David A. Bash, Jr., Sundance Oil Company, Darnell Oil Corporation, Ann Caylor, James W. Caylor, and Susan Holmes, Appellees,

v.

RED EAGLE OIL COMPANY, and Harry C. Johnson, Appellants.

Nos. 62382, 63491 and 63632.

Supreme Court of Oklahoma.

Feb. 23, 1988.

As Corrected March 2, 1988.

Rehearing Denied May 24, 1988.

Mahaffey & Gore, P.C. by Gregory L. Mahaffey and J. Jayne Jarnigan, Oklahoma City, for appellees.

Watson & McKenzie by H.B. Watson, Jr. and Sharon Taylor Thomas, Oklahoma City, for appellants.

HODGES, Justice.

Appellants Red Eagle Oil Company (Red Eagle) and Harry C. Johnson (Johnson) seek vacation of an unpublished opinion by the Court of Appeals, Division No. 1, affirming a judgment of the district court on a jury's verdict awarding appellees Jon R. Withrow, Herbert H. Holmes, David A. Bash, Jr., Darnell Oil Corporation, Ann Caylor, James W. Caylor, Susan M. Holmes and Sundance Oil Company (co-owners) $360,940 in damages for permanent loss of production due to well damage from an oil and gas well operated by Red Eagle, $669,-575 in damages for loss of use of money, and $4,300.65 as reimbursement for appellees' share of the costs of the commingling operation. Appellees were additionally awarded $2,008.34 in costs and $177,420 in attorney's fees against Red Eagle only. Johnson, president of Red Eagle, was granted judgment against appellees and was awarded $1,770.88 in costs and $57,-895.75 in attorney's fees against appellees. Appellees co-owners also petition for certiorari challenging the award of attorney's fees in Johnson's favor.

We grant appellants' petition for certiorari solely on the issue concerning the award of damages for loss of use of money. In all other respects review by certiorari is denied. The dispositive issue is whether co-owners are entitled to recover for loss of use of money as an element of their actual damages measured by interest, at prime rate compounded every six months, on the amount of money they allege they would have received from sales of oil and gas from the W.O.R. No. 1 Well but for appellants' alleged gross negligence. For the reasons that follow we vacate the opinion of the Court of Appeals and reverse the judgment of the trial court with respect to the damages awarded for loss of use of money.

Co-owners complained of certain actions of Red Eagle which amounted to a breach of duties as unit operator. Red Eagle mislocated the well drilled under a location exception order of the Oklahoma Corporation Commission which resulted in two penalties placed on production from October 1979 through October 1981. The first penalty on production was not followed by Red Eagle which resulted in the imposition of the second penalty. Appellees also alleged gross negligence and intentional misconduct in Red Eagle's commingling operation of the Red Fork and Mississippi Solid formations which was performed in August 1980. Co-owners assert if Red Eagle had not breached the joint operating agreement, they would have had use of the income on their share of production valued at over $1,000,000 which they would have received between January 1980 through December 1982. They contend the $669,575 award for loss of use of money merely compensates them for the delay in receiving that income. The Court of Appeals stated:

"The damages awarded by the jury for loss of use of income is the measure of Appellees' lost profits computed by discounting the present value of the production which would have been obtained but for Red Eagle's conduct. Appellees did not seek nor have they recovered prejudgment interest but rather sought and recovered damages proximately caused by Red Eagle's breach of the contract which were within the contemplation of the parties at the time the contract was entered into. Such damages can only be valued in relation to the time value of money, commonly referred to as 'interest'."

In affirming the trial court's computation of loss of use of money, which was interest on the value of lost production at prime rate, compounded from the date of loss to the date of trial in September 1984, the Court of Appeals ruled:

"In the present case, the awarded damages arising from Appellants' actions

must make the Appellees whole and therefore the rate of interest to be considered in computing present value must be compounded to achieve making the Appellees whole, i.e., Plaintiffs could have expected compounded interest on a safe investment in this locality."

Appellants' petition for certiorari challenges these conclusions. They assert the Court of Appeals mischaracterized the loss of use damages as "damages for the time value of the income they would have received but for Red Eagle's breach of contract." Appellants' principal contention is that appellees' award of loss of use damages constitutes an impermissible award of prejudgment interest in derogation of 23 O.S.1981 § 6. Section 6 provides:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

Co-owners in opposition argue that § 6 does not prohibit the computation of the actual damage sustained by reference to an interest rate as distinguished from prejudgment interest which applies interest to the damage award itself. They point to the distinction between interest allowed by statute or agreement as compensation for use or detention of money and interest as an element of damages necessary to compensate a plaintiff for all the detriment proximately caused by a defendant's actions. Co-owners seek to uphold the trial court's award upon the authority of 23 O.S.1981 § 21,[1] *Groendyke Transport, Inc. v. Merchant,* 380 P.2d 682 (Okla.1963);

*Gallaspy v. Warner,* 324 P.2d 848 (Okla. 1958) and *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985). They contend the award of loss of use of income damages was an award for the actual damage resulting from Red Eagle's breach of the operating agreement, not an award of prejudgment interest upon damages. We are unpersuaded by co-owners' arguments.

As the United States Supreme Court said in *Library of Congress v. Shaw,* 478 U.S. 310, 321, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250, 262 (1986):

"In the alternative, respondent argues that the no-interest rule does not prohibit the award of compensation for delay. But the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution:

'The character or nature of 'interest' cannot be changed by calling it 'damages', 'loss', 'earned increment', 'just compensation', 'discount', 'offset', or 'penalty', or any other term, because it is still interest and the no-interest rule applies to it.'

We see no distinction in awarding interest as damages and prejudgment interest as interest. "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." [2]

■ It is a long-standing rule of statutory construction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute, and not the general

---

1. 23 O.S.1981 § 21 provides:

   "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract, which

are not clearly ascertainable in both their nature and origin."

2. *West Virginia v. United States,* 479 U.S. 305, ——, 107 S.Ct. 702, 706, 93 L.Ed.2d 639, 646 n. 2 (1987) (citing Comment, Prejudgment Interest: Survey and Suggestion, 77 Northwestern U.L. Rev. 192 (1982)). *See also Blim v. Western Electric Company,* 731 F.2d 1473, 1479 (10th Cir.1984) and *Preston v. United States,* 776 F.2d 754, 760 (7th Cir.1985).

statute applies.[3] Title 23 O.S.1981 § 6 controls as it is the specific statute expressly providing for the matter of prejudgment interest to the exclusion of the more general contract statute, 23 O.S.1981 § 21, providing for the general rule as to damages for breach of contract.

■ It is well settled that the recovery of interest on a judgment must be predicated on statute. *Sisney v. Smalley,* 690 P.2d 1048, 1050 (Okla.1984). Title 23 O.S.1981 § 6 is the governing statute relating to prejudgment interest. Under § 6, "prejudgment interest will not be allowed unless the amount of recovery is liquidated or capable of ascertainment by calculation or resort to well-established market values." *Sandpiper North Apartments v. American Nat. Bank,* 680 P.2d 983, 993 (Okla. 1984).[4]

In *Groendyke Transport, Inc. v. Merchant, supra,* this Court adjusted the damages to present value by adding 6% interest per annum where the plaintiff was awarded damages for past lost profits. In doing so it relied on *Gallaspy v. Warner,* 324 P.2d 848, 853 (Okla.1958), which held the rate to be used in computing the present value of future benefits is the "rate of interest as could be fairly expected from safe investments which a person of ordinary prudence, but without particular financial experience or skill, could make in that locality." Nevertheless, appellants correctly point out that in *Groendyke* this Court did not address whether the lost profits on past benefits constituted a sum certain or a sum capable of being made certain and moreover whether such interest was a proper award of prejudgment interest under § 6. Questions which are not considered or ruled upon by the Court are not to be considered as having been decided or precedential.[5]

In the present case, appellees' recovery of "lost income", upon which the $360,940

permanent loss of production damages were based, was *not for a sum certain or for a sum capable of being made certain by calculation or by reference to some fixed standards.* The claim required that a jury determine from conflicting evidence and experts' opinions the *amount* of permanently lost production from the well in controversy. Therefore, the award of interest on such income, although characterized as loss of use of money, is not within the contemplation of § 6. A court may not judicially create an allowance of prejudgment interest when the Legislature has not seen fit to do so.[6] Accordingly, co-owners are not entitled to an award for prejudgment interest.

Therefore, the decision of the Court of Appeals, insofar as it affirms the trial court's judgment with regard to the award of loss of use of money is vacated. The opinion of the Court of Appeals and the judgment of the trial court are otherwise affirmed.

Appellant Johnson and appellees co-owners call our attention to the supersedeas bonds and request for judgment against the surety on such bonds. Upon today's affirmance of the judgment, except as to the jury's allowance of damages for loss of use of money in favor of appellees and against Red Eagle, judgment is hereby rendered on the supersedeas bonds in favor of appellant Johnson and in favor of appellees co-owners against the Travelers Indemnity Company, surety, in the amounts properly rendered, save the award of damages for loss of use of money, plus interest from the date of the trial court's judgment; and the trial court is directed to enforce the judgment as if rendered in that court. Rule 31 of the Rules of the Supreme Court of Oklahoma, 12 O.S.1981 Ch. 15, App. 1. The parties' requests for additional awards for

**3.** *Ind. Sch. Dist. No. 1 v. Bd. of Cty. Com'rs,* 674 P.2d 547, 550 (Okla.1983).

**4.** *See also Frankfurt v. Bunn,* 408 P.2d 785, 789 (Okla.1965); *Oklahoma Turnpike Authority v. Chandler,* 316 P.2d 828, 833 (Okla.1957).

**5.** *Cimarron Indus. v. Oklahoma Tax Com'n,* 621 P.2d 539, 541 n. 4 (Okla.1980) (citing *United States v. Mitchell,* 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799 (1926)).

**6.** *Sisney v. Smalley,* 690 P.2d 1048, 1051 (Okla. 1984).

attorney's fees and costs incurred since the award by the trial court are denied.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.