In the Matter of the Application of CARLTON SOUTHWEST, INC.

CARLTON SOUTHWEST, INC., Appellant,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 70788.

Court of Appeals of Oklahoma, Division No. 1.

June 27, 1989.

Rehearing Denied Sept. 8, 1989.

Charles A. Johnson, Ponca City, for appellant.

Joe Mark Elkouri, Gen. Counsel, Oklahoma Tax Com'n, for appellee.

## MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Appellant applied for a sales tax permit from Appellee (Commission) to operate a Pontiac dealership in Tulsa, Oklahoma. The permit section of the Commission's Business Tax Division issued its notice of intent to refuse issuance of tax permit or license and mailed same to Appellant. The Administrative Law Judge for Commission determined pursuant to 68 O.S.Supp.1986 § 1364(F) and Attorney General Opinion No. 87–53, that Appellant had purchased an on-going business with delinquent taxes still due the State of Oklahoma, and that a sales tax permit could not be issued until the delinquent tax claims had been settled.

In order to receive a sales tax permit, Appellant subsequently paid the delinquent sales tax of the prior business, Premier Pontiac, for the period of June, 1987 and July 1 through July 6, 1987 in the amount of $5,000.00. Appellant thereafter filed application for refund before the Oklahoma Tax Commission *en banc*. The *en banc* panel concurred with the determination of the Administrative Law Judge. The instant appeal resulted.

Premier Pontiac, an authorized Pontiac franchise, operated a business selling new and used vehicles in Tulsa, Oklahoma. Premier Pontiac collected but failed to report or remit sales tax for the month of June, 1987 and the first six days of July, 1987. In August of 1987, Charles Lister d/b/a Premier Pontiac, Inc. and Lister Pontiac, transferor, entered into a bulk transfer agreement pursuant to 12A O.S.1981 § 6–102 with Appellant, transferee.

## I.

Appellant first asserts that the purchase by Appellant of the assets and inventory of Premier Pontiac did not qualify as a pur-

1194

chase of an on-going business. Title 68 O.S.Supp.1986 § 1364(F) provides:

(F) Any person operating under a permit as provided in this article shall, upon discontinuance of business by sale or otherwise, return such permit to the Tax Commission for cancellation, together with a remittance for any unpaid or accrued taxes. Failure to surrender a permit and pay any and all accrued taxes will be sufficient cause for the Tax Commission to refuse to issue a permit subsequently to such person to engage in or transact any other business in this State. In the case of the sale of any business, the tax shall be deemed to be due on the sale of the fixtures and equipment, and the Tax Commission shall not issue a permit to continue or conduct said business to the purchaser until all tax claims due the State of Oklahoma have been settled.

The Attorney General interpreted § 1364(F) in its Opinion No. 87–53 as follows:

It is, therefore, the official opinion of the Attorney General that 68 O.S.Supp.1986, § 1364(F) prohibits the Oklahoma Tax Commission from issuing a new sales tax permit to the purchaser of any on-going business or concern until all claims for any unpaid and accrued sales taxes arising from the prior operation of the business or concern have been settled.

■ An Attorney General's opinion is binding upon the State official affected by it until a judgment of a court of competent jurisdiction relieves the public official of the burden of compliance. *State ex rel. York v. Turpen,* 681 P.2d 763 (Okl.1984).

In complying with Attorney General Opinion No. 87–53 in the present case the first question which must be answered is whether there are any tax claims due the State of Oklahoma from the prior operation of the business. Premier Pontiac operated its car dealership and collected but failed to report or remit sales tax for the period of June, 1987 and the first six days of July, 1987. Sales tax for the proceeding month is due and payable on the first day of each month and is delinquent if payment is not postmarked by the fifteenth of such month or actually received by the Commission by the fifteenth. 68 O.S.Supp.1987 § 1365(A). In August of 1987 when Appellant purchased the assets of Premier Pontiac and applied for its sales tax permit, the sales tax had accrued and was delinquent.

■ Also, in applying Attorney General Opinion No. 87–53, the next question which must be answered is whether an "on-going business" has been purchased by Appellant. The opinion states:

The whole tenor of the language employed by the legislature in § 1364(F) implies a legislative concern that unpaid and accrued sales taxes owed by a seller of an on-going business not be "washed" as a result of the sale. Other states have more specifically addressed this question by enacting "successor liability" statutes. Although the language is quite different, the purpose behind § 1364(F) and the successor liability statutes can be said to be substantially similar.

California has passed a successor liability statute which provides that a purchaser of a business must withhold a sufficient amount from the purchase price to pay the tax delinquency of the business. See California Sales and Use Tax Code § 6811. In *Knudsen Dairy Products Company v. State Board of Equalization,* 12 Cal. App.3d 47, 90 Cal.Rptr. 533 (1970), the court held that a corporation which acquired the major operating assets of a company in return for the cancellation of an indebtedness was liable for the acquired corporation's unpaid sales tax. In the present case, the transferor entered into a bulk transfer agreement pursuant to 12A O.S.1981 § 6–102 with Appellant. Pursuant to this agreement, the goods transferred were as follows:

All inventory including all new and used vehicles, all parts and accessories, all equipment, both business and shop, all furniture, fixtures and related items, together with all licenses needed to continue the business as an on-going automobile agency.

In consideration of the transferred goods, Appellant assumed approximately 65% of the transferor's debt.

While the California statute requires that a successor withhold a sufficient amount from the purchase price to pay the tax delinquency of the business, and the Oklahoma statute only requires that all tax claims must be paid to the State of Oklahoma before purchaser can be given a sales tax permit, the intent of the two statutes are fundamentally the same. See, Attorney General Opinion No. 87–53. Thus, we hold that Appellee was correct in finding that Appellant purchased an on-going business, and properly denied Appellant a sales tax permit until all delinquent sales tax of Premier Pontiac was paid in full.

## II.

■■■ Appellant asserts that it complied with the provisions of bulk transfers set out in 12A O.S.1981 § 6–102 et seq. and, therefore, purchased Premier Pontiac free and clear of any debts or encumbrances of the transferor. Because we have determined that Appellant purchased an on-going business, thus subjecting itself to the provisions of 68 O.S.Supp.1987 § 1364(F) and Attorney General Opinion No. 87–53, the issue of whether Appellant complied with the bulk transfer provisions is irrelevant to said determination. A special statute making a specific requirement controls over a general statute. *Withrow v. Red Eagle Oil Co.*, 755 P.2d 622 (Okl.1988); *Beidleman v. Belford*, 525 P.2d 649 (Okl. 1974).

## III.

■■ Lastly, Appellant asserts that if liability exists, an audit should be ordered to determine the actual amount of tax due without regard to any penalty or interest. The Appellant contends that Commission should be required to prove the amount of tax due by auditing the books of the previous owner.

Title 68 O.S.1981 § 221 requires:

(a) If any taxpayer shall fail to make any report or return as required by any State tax law, the Tax Commission, from any information in its possession or obtainable by it, may determine the correct amount of tax for the taxable period.

Commission estimated the sales tax, interest and penalty due for the month of June, 1987 in the amount of $4,240.00, and estimated the sales tax, interest and penalty for the first six days of July, 1987 in the amount of $760.00. Commission based this estimate on the sales tax reports previously filed by Premier Pontiac. We hold that pursuant to 68 O.S.1981 § 221, Commission was correct in estimating the delinquent sales tax of Premier Pontiac based on its prior filings, and is not required to perform an audit of the books of the previous owner.

[6] Appellant also contends that it is not fair to require the purchaser of a business to pay the seller's interest and penalty which has accrued on unremitted sales tax. We hold that since the purchaser indirectly receives the benefit of the converted sales tax funds, it is not inequitable for the purchaser to be required to pay the interest and penalty accrued on past due sales tax.

AFFIRMED.

HUNTER, P.J., and HANSEN, J. concur.