[File No. 7169]

ANDREW QUAM, Respondent, v. THE CITY OF FARGO, a municipal corporation, Board of Trustees of Police Pension Fund, City of Fargo and L. G. Jester, George T. Standish and E. T. Conmy, Jr., as members of the Board of Trustees, Police Pension Fund, City of Fargo, Appellants.

(43 NW2d 292)

Opinion filed June 28, 1950

*E. T. Conmy* (*Conmy & Conmy* on brief) for appellants.

*Clair F. Brickner & Burnett, Bergesen, Haakenstad & Conmy,* for respondent.

GRIMSON, J. This is an action brought under Chapter 32–23 NDRC 1943, asking for a declaratory judgment concerning the plaintiff's right and status under the police pension fund ordinance of the City of Fargo.

The facts in this case as shown by the evidence, are that the plaintiff was a full time employee of the Fargo Police Department from July 1, 1922, to May 1, 1927 and from May 16, 1929 to June 1, 1942. His last service was as identification officer at a monthly salary of $155.00. At that time he was a member of the police pension system of the City of Fargo in good standing. On June 1, 1942 he obtained a leave of absence from the Police Department to enter the military service of the United States. He entered the service on June 10, 1942. In the service he became seriously disabled "as a result of an incident of" his "commissioned service." On September 22, 1947, he was retired from the service because of that disability with a certificate attesting honorable service in the Army of the United States.

On his return from service plaintiff applied for reinstatement on the police force. A board of physicians was appointed, as provided by the ordinance, who found him, "physically incapacitated for duty with the Police Department." He then applied for retirement benefits under the pension fund system.

His civil service status was found to be in good standing. His application, however, was denied on the grounds that he was "not legally qualified for, or entitled to, a pension." To determine whether or not he was so entitled this action was then commenced. He seeks to establish rights to retirement benefits under the provisions of Chapter 174 SL 1937, 40–45 NDRC 1943 and the ordinances of the City of Fargo. The District Court held he was entitled to such benefits. The defendants appealed from that holding.

Chapter 174 SL 1937, Chapter 40–45 NDRC 1943, authorizes cities to establish a police pension fund financed by a special tax levy, salary assessments and such donations and rewards as may be received by the police department. It prescribed the management of said fund and the eligibility for participation therein. Sec 5, Ch 40–4508 NDRC 1943, provides for membership in the pension fund by any member of the police department on payment of the $5.00 membership fee and 2 per cent per annum of his annual salary. Other pertinent provisions are:

"Sec. 6, Ch. 40–4509 N.D.R.C. 1943, 'Any member of said department, including officers and police matrons, who shall have served twenty-two (22) years or more in such department, and shall have reached the age of sixty years; or who shall while a member of such department become mentally or physically permanently disabled from discharging his duties, shall be entitled to be retired, and upon retirement shall be paid out of the pension fund of such department a monthly pension equal to sixty (60) per cent of the amount of salary received by him monthly at the date he actually retires from said department. If any member shall have served twenty-two (22) years in said department, but shall not have reached the age of sixty (60) years, he shall be entitled to retirement, but no pension shall be paid while he lives until he reaches the age of sixty (60) years.'

"Sec. 7, Ch. 40–4510 N.D.R.C. 1943, 'Any member of the police department, who resigned therefrom to serve in the army, navy or marine reserve, or marine corps, of the United States, or as a member of the United States army and navy reserve, or in

the world war 1917–1918, and has returned with an honorable discharge from such service, to the fire or police department, shall have the period of such service included as part of his period of service in the department'."

Ordinance No. 676 was enacted by the City of Fargo, effective August 19, 1941, creating a pension and retirement system for disabled or retired policemen under the authority of Chapter 174 SL 1937. Section 5 provides for membership fee and assessment in accordance with the statute.

"Section 6 thereof provided that: Any member of the police department who resigned therefrom to serve in the army, navy or marine reserve, or marine corps, of the United States, or as a member of the United States army and navy reserve, or in the world war 1917–1918, and has returned with an honorable discharge from such service, to the police department, shall have the period of such service included as part of his period of service in the department. This provision shall also apply to any member who hereafter resigns for the express purpose of similar service, and returns to the department with an honorable discharge from such service; provided credit allowed for such service shall not exceed five (5) years."

Section 51, Chapter 221, SL 1941, provides for a leave of absence to officers and employees of the state or its political subdivisions, who volunteered for service in the army, without loss of status and efficiency rating.

On June 1, 1942, the same day that the plaintiff resigned, Ordinance No. 687 was placed on first reading by the Fargo City Commission. This amended Sec 6 of Ordinance No 676 to include therein any member "who is granted a leave of absence." Ordinance No 687 was enacted and put in force by the city commission on the 8th day of June 1942, two days before the plaintiff entered service.

Pension statutes should be liberally construed to carry out their beneficial policy. This is especially true of a pension statute which like this one had for its main purpose the encouragement of enlistment in the armed services of the United States. That purpose must be borne in mind and those who acted under

those statutes should, whenever possible, be given the benefit thereof. In Gibson v. City of San Diego, 25 Cal2d 930, 156 P2d 737, it is said: "Laws protecting the civil rights of public employees who enter the armed forces in time of war or emergency are favored. National, state and municipal legislative bodies, and the people themselves by direct vote, have been alert to meet the need for special protective and encouraging measures. In a like progressive spirit both federal and state courts 'have kept pace and have evinced a firm intention to take a liberal view' of these enactments 'in order that their protective purposes may be fulfilled without undue imposition of constitutional limitations or hindrance through narrow judicial construction. . . . We are bound by accepted rules of construction to consider the obvious purposes and objects sought to be attained by their adoption and to construe the language used, insofar as it reasonably permits, to the end of giving it vitality and efficacy in the accomplishment of such purposes and objects and fairness in its applications'." See also England v. City of Long Beach, 27 Cal2d 343, 163 P2d 865; Snyder v. City of Alameda, 58 Cal App2d 517, 136 P2d 857; McCoy v. Board of Supervisors, 18 Cal2d 193, 196, 114 P2d 569, 571; People ex rel. Happell v. Sischo, 23 Cal2d 478, 486, 144 P2d 785, 150 ALR 1431.

Clearly, Sec 7, Chapter 174 SL 1937 was enacted to encourage enlistment in the army. Section 6 of the Ordinance No. 676 of the City of Fargo was also enacted for that same purpose. It held out an inducement to members of the police department that if they did enter the military service the time of their service therein would be included in the time of their service in the department. That was even more clearly the intent of the city commission in the amendment, Ordinance 687, enacted at the time plaintiff took his leave of absence after World War II had commenced.

The appellants contend that the amendment, Ordinance 687, giving a member of the police department who obtains a leave of absence the same rights as if he had resigned as provided by the statute was beyond the authority of the city commission. It is true that a city has power to pass only such ordinances as are not inconsistent with the law of the state. Fargo v. Glaser,

62 ND 673, 244 NW 905; Klingensmith v. Siegel, 57 ND 768, 777. If there is a conflict between a statute and an ordinance the statute controls. Klingensmith v. Siegel, supra; 2 McQuillan Municipal Corporations, 2d Ed 697, 37 Am Jur 787. It is the duty of the court, however, to try to reconcile the two and "give effect to the ordinance as far as this can consistently be done in view of the superior laws." 62 CJS 851; Snyder v. City of Alameda, 58 Cal App2d 517, 136 P2d 857; Bodkins v. State, 132 Nebr 535, 272 NW 547.

When a member resigns from the police department he surrenders his membership therein. He is entirely separated from the department. Only by virtue of the statute has he the right to return to the department. During the time a member's resignation is in effect he gains no rights in the pension fund. A leave of absence is a qualified resignation. It gives a member a separation from the active duties of the department but retains for him the right to return to service in the department. Sec 17 of Ordinance 676 as amended by Ordinance 687, as hereinafter shown, prevents such member from attaining any rights in the pension fund during his leave of absence. In effect a resignation under the statute and a leave of absence are the same. Under both a member is separated from active service in the police department. While absent no rights against the pension fund accrue in favor of said member in either case. During that time he can not be considered a member of the department in either case. In both cases he has the right to return to the department after completion of honorable service in the army. The ordinance is in accordance with the statute. No conflict is created by the amendment to the ordinance giving a member on leave of absence the same rights, as one who has resigned, to have the service in the army counted as part of the time served in the police department.

The plaintiff returned from his service in the army with a certificate of "honorable service." The statute uses the term, "honorable discharge." The only difference in the two terms is that the latter implies a separation from the armed services while the former does not necessarily do so. The intent of both is that the service in the military forces shall have been honor-

able in order that the person be entitled to the privileges accorded by the statute and the ordinance. The plaintiff's service qualified him under that provision of the statute. In the case of Dierkes v. City of Los Angeles, 25 Cal2d 938, 156 P2d 741, it is held: "The words 'honorably discharged,' as used in Los Angeles charter provision for war service credit in computation of service required of policeman before retirement, means honorably relieved, released, transferred or retired from active duty status by military or naval authorities."

After the service of over five years in the army the plaintiff returned to Fargo and attempted to be returned to service in the department. When he entered service in the army he had served in the police department 17 years, 10 months and 3 days. If his service in the army is added to that he would have served more than 22 years required for a pension under the ordinance. Unfortunately, he had been disabled during his war service and was held to be physically unable to re-enter the active service in the police department. Defendants contend that because he could not enter active service in the department he is not entitled to include the time he served in the army in the time he served in the department.

A pension such as a police pension is not a gratuity. "It is merely in the nature of an added salary allowance to public servants." State ex rel. Haig v. Hauge, 37 ND 583, 591, 164 NW 289, LRA1918A 522. "A pension such as this law contemplates is not a gratuity or a gift. . . . (W)here, as here, services are rendered under such a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment itself." O'dea v. Cook (1917) 176 Cal 659, 661, 169 P 366, 367. See also Snyder v. City of Alameda, supra. The pension is not a reward for re-entering the service in the police department. It is a belated extra payment for long and faithful service in the department. To that payment a person who has served the required length of time as provided by the ordinance is entitled.

In the case of Gibson v. City of San Diego, supra, the plaintiff had served 19 years and one-half month in a San Diego Fire Department when he entered the military service. The law in

force when he entered provided that one who entered such service "and who shall have returned to said fire department within three months after having been honorably discharged from such service . . . shall have such time counted as part of the aggregate service required for a retirement pension." The full time required for pension expired while he was yet in the service. The court held: "There is apparent no purpose to be served by requiring any employee who has completed his period of service so as to be fully entitled to a pension to return to the fire department. The fire department has no right to his return because it has no right to further service from him. He has fully earned his pension. The phrase 'and who shall have returned to said Fire Department within three months, after having been honorably discharged from said military service' is to be construed, therefore, as applying only to those whose 'time of service required for retirement' has not been completed at time of discharge or release from active duty status."

In the instant case as we construe the controlling statutes and ordinances heretofore quoted the plaintiff was entitled to have credited upon his service in the police department the time he served in the military forces upon his return to the department. He was not permitted to actually enter active duty with the department because of his physical disability. He had performed for a sufficient length of time the services for which the pension was an additional recompense. If he had been reinstated in active service he would immediately have been entitled to retirement and pension. The act of reinstatement was a useless formality. The law does not require the performance of idle acts. 31–1105 NDRC 1943. He is entitled to his recompense without being formally reinstated in the service.

Chapter 174 SL 1937, fixes the age of retirement at 60 years and the amount of the pension at 60 per cent of the actual salary. Section 26 of Ordinance 676 fixes the age of retirement at 65 years and the amount of the pension at 50 per cent of the monthly salary. Plaintiff claims that in case of such a conflict between the statute and the ordinance the statute controls. 37 Am Jur 707. Plaintiff's age was sixty (60) years on September 12, 1948.

However, Section 1 of Chapter 208 SL 1941; Sec 40–4516 NDRC 1943, provides that if the one-half mill levy provided in the original act, together with contributions and other funds received is inadequate to establish a retirement system based on actuarial tables the governing body of the municipality, in order to establish such a system upon an actuarial basis, may duly decrease the benefits therein provided for and extend the age at which retirement shall commence. This statute was in force when Ordinance No 676 of the City of Fargo was enacted. The Board of City Commissioners had the right, therefore, to make such reduction in benefits provided that it was found necessary to do that in order to establish the retirement system upon sound actuarial basis. It will be presumed that the board did its duty in that respect and made the necessary study and investigation to determine the necessity of such reduction. See Pine Tree Lumber Co. v. City of Fargo, 12 ND 360, 96 NW 357; Greenfield School District v. Hannaford School District, 20 ND 393, 127 NW 499; Jones v. School District, 63 ND 275, 247 NW 844. In the case of State ex rel. Linde v. Packard, 35 ND 298, 317, 160 NW 150, LRA1917B 710, Judge Christianson, writing for this court, says:

"We are not called upon, nor is it our function to review the correctness of this legislative determination, 6 RCL p 112. For it must be presumed that the legislature had before it when the statute was passed any evidence that was required to enable it to act; and the passage of the statute must be deemed a finding by the legislature of the existence of the facts justifying the enactment thereof. 6 RCL pp 102, 111, 112."

That principle applies as well to legislation by the Board of City Commissioners. The ordinance rather than the statute controls.

The evidence shows that the plaintiff does not reach the age of 65 until Sept. 12, 1953. Under the ordinance he would not be entitled to retirement and pension on the ground of 22 years service until then. The plaintiff claims, however, that he was entitled to pension when he applied, irrespective of age, for disability incurred while on leave of absence after ten years of service in the police department. The part of Section 26 of

Ordinance No 676 under which this claim is made reads as follows: "Any member of said department . . . who, after serving ten years as a member of said department, shall, while as a member of such department become mentally or physically, permanently disabled from discharging his duties, . . . shall be entitled to retire and upon retirement shall be paid out of the pension fund. . . ."

Section 17 of Ordinance No 676 made a provision for a cessation of membership in the pension system upon resignation. This was amended by Ordinance No 687 to make a withdrawal from membership optional for those who took a leave of absense for the purpose of joining the armed forces of the United States. Plaintiff ceased making his payments to the fund while he was on a leave of absence so he in effect withdrew from membership in the pension fund and it can not be said he was an actual member of the department during that time. Section No. 26 of Ordinance No. 676, applies only to members of the department. To Sec 17 as amended by Ordinance No 687 was added the provision that "No rights to pension benefits shall accrue to any employee or to his beneficiaries during any leave of absence." The definition of the word "accrue" as given by Webster's New International Dictionary, 2d Edition, page 17 is, "to come into existence as an enforcible claim, . . . also to *arise* or spring as a growth or result." Clearly the intention of the board of city commissioners in passing the above quoted clause was that the member leaving the police department on a leave of absence for service in the army should not, as concerns the pension fund, gain any new or additional rights to participation therein by anything arising out of his army service. There is no other conceivable reason for that clause. On the other hand there are good grounds for it. The police pension fund is for the protection of members of the police department based on service in the department. It should not be burdened with compensation for physical diability incurred in the army and for which the army, as in this case, makes ample provision. The plaintiff, therefore, is not entitled to retirement or pension on account of his disability so incurred but only on the grounds of 22 years service in the police department as heretofore held.

Section 17 of Ordinance No 687 gives the member who withdraws from membership in the pension system the right on return to the service to again become a member of such system by paying into the pension fund the amounts which would have been due had he remained in the police department during the years of service in the military forces, which would have been two per cent of the salary he would have earned in the police department during that time. Before bringing suit plaintiff offered to make the necessary payments to reinstate him to membership in the fund, and makes a tender thereof in his complaint. He must make such payments in the manner provided by the ordinance before he is entitled to pension under the ordinance.

The plaintiff having a 22 year service record in the department is entitled to retirement and when he has made his payments to the fund and attained the age of 65 years, he is entitled to pension as provided by ordinance and in accordance herewith.

The judgment of the district court is modified as to the amount of pension and the time it takes effect. In all other respects it is affirmed.

NUESSLE, C. J., and CHRISTIANSON, BURKE and MORRIS, JJ., concur.