W. J. RANEY

*v.*

THE BOARD OF ADMINISTRATION OF THE RETIREMENT
SYSTEM OF THE CITY OF MEMPHIS et al.

(*Nashville,* December Term, 1956.)

Opinion filed February 8, 1957.

FRANK B. GIANOTTI, JR., CHARLES M. CRUMP, AND FRIER-
SON M. GRAVES, JR., Memphis, for appellants.

HUGH STANTON, Memphis, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

In January, 1955, W. J. Raney filed an application before the Board of Administration of the Retirement System of the City of Memphis for a pension based upon thirty (30) years service with the Police Department of the City of Memphis.

On February 22, 1955, the Board reviewed the evidence, heard the testimony of petitioner and others and fixed his pension based upon twenty-seven (27) years of service. The Board disallowed the time which the petitioner had served in the Army, which was three (3) years. Thereupon the petitioner filed a petition in the Chancery Court of Shelby County for the writ of *certiorari* seeking a review of the action of the Board in denying him the benefit of his service in the United States

Army. The record before the Board was filed, pursuant to the prayer of the petition, and the cause was heard by the Chancellor as on petition for the common law writ of *certiorari*. The defendant Board, the individual members thereof, and the City of Memphis filed a joint demurrer to the petition, which the Chancellor over-ruled. In an exhaustive review of the evidence before the Board he reversed the ruling of the Board, holding that "the Board in denying Raney credit, for pension purposes, for the period of time devoted to military duty acted illegally and arbitrarily." A decree was entered to this effect, from which the defendants appealed to this Court, assigning the decree as error.

We will refer to the parties as they appeared in the court below.

The pertinent facts as revealed in the record, and which are admitted to be true by the demurrer, are as follows: The petitioner, W. J. Raney, entered the service of the City of Memphis as a patrolman on January 16, 1925, and remained as a member of the Police Department until the early part of 1943 when he applied for a commission in the United States Army. His application was accepted and he resigned from the Police Department on March 14, 1943, to enter the Army. His commission bears the date of April 3, 1943. His service extended to overseas duty in the Pacific Area, one of his principal assignments being Chief of Police of the City of Manila, Philippine Islands. He continued his service in the Army until February 28, 1946.

Following his application for a commission in the United States Army, and while waiting to be assigned to military duty, he was employed as a Special Deputy

Sheriff to the Sheriff of Mississippi County, Arkansas. He served in this capacity for twenty-nine (29) days before being ordered to active duty.

Upon his retirement from the Army he conferred with Commissioner of Safety, the Honorable Joe P. Boyle, relative to his duties and the amount of his salary as a member of the Memphis Police Department; also what his status would be regarding his pension rights as a member of the Police Department, that is, as to credit for former time served before entering the Army and the three (3) years served in the Army.

It appears in a letter of January 7, 1955, from W. J. Raney to the Honorable Claude A. Armour that it was agreed by Joseph P. Boyle, then Commissioner of Fire and Police Department, that Raney would be given credit for the time while he was in the armed forces. The petitioner was also advised by Commissioner Boyle that in 1946, when he returned to the Police Department, the pension law in force at that time was a mere gratuity on behalf of the City of Memphis and that under this old law a member of the Police Department did not contribute any of his salary to a pension fund; that under the law it was at the discretion of the Pension Board whether or not a person would receive a pension and that the Board could pension in its discretion rather than as a matter of right.

The defendants admit the foregoing conversation between Commissioner Boyle and the petitioner. Thus, while admitting that Boyle had agreed that Raney would be given credit for the three (3) years service in the Army, the Board of Administration of the Retirement System of Memphis takes the position that Commissioner

Boyle *"did not have the authority to make such an agreement."* (Emphasis ours.)

When all the assignments of error are considered separately and collectively they raise but two questions, (1) whether or not the foregoing agreement is a contract that is binding on the City of Memphis according to its express terms, and (2) whether or not the petitioner may claim the benefits of a Retirement Ordinance, Section 838, of the Municipal Code, which will be later referred to and discussed in this opinion.

The defendants have made the concession both in oral argument and on their brief that *"Raney is entitled to retirement benefits for his twenty seven years of service in the Police Department of the City of Memphis,* however, it is the earnest contention of the Defendants that neither pension nor retirement benefits may be conferred *contrary to law."* (Emphasis ours.)

Numerous authorities are cited in support of the defendants' contention that "there is no vested right in a pension fund and the law as to pensions existing at the time one enters into public service does not form a part of the contract of employment in the sense that the rights to the benefits are vested property rights". The foregoing possibility represents the majority holding of the courts. But there is highly respectable authority to the contrary, especially where the services have been rendered when retirement is applied for and the applicant has complied with the law governing his pension rights. 3 McQuillan on Municipal Corporations (3rd Ed.), Section 12.144, pages 509-513, and decisions appearing in the footnotes to the text.

■■ We think the defendants recognized the right of Commissioner Boyle to reemploy Raney in 1946. There is no evidence in the record that Raney was promised a pension of any kind. However, this question is foreclosed by the Board of the Retirement System, and the City of Memphis, having found that Raney was entitled to a pension under the laws and ordinances of the city. The retirement rights and benefits of any employee of a municipality are subject to existing laws and ordinances.

On October 1, 1948, the Board of Memphis adopted a comprehensive pension and retirement ordinance. The defendants say that this ordinance ''effectively changed all pension rights of City Employees, including petitioner Raney''. Particularly applicable to the petitioner is the following, the same being Section 838 of the Municipal Code:

''(j) Prior service shall mean the city service of a qualified member, whether consecutive or not rendered before October 1, 1948.

* * * * * * *

''Any member shall be given credit as prior service for his military or naval service in World Wars I and II, provided he was a regular full-time employee of the city at the time of his affiliation with the U. S. Military or Naval services, and provided, also, that he has resumed service as an employee and has been accepted as a regular full-time employee by the head of the department in which he worked within six months of his discharge from such military or naval service.''

The petitioner relies on the provisions of the foregoing ordinance. But defendants contend that Raney is not

entitled to such a credit because he was not "a regular full-time employee of the city at the time of his affiliation with the U.S. Military or Naval services", he having accepted employment as Special Deputy Sheriff of Mississippi County, Arkansas, after resigning as a member of the Police Department. The argument is made that Raney, having served twenty-nine (29) days as such deputy Sheriff after he resigned, could not claim the benefits of this ordinance. But the argument is based on the erroneous assumption that Raney did not resign from the Police Department to enter the Army.

The record discloses that Mr. Raney resigned on March 14, 1943, to enter the Army. His commission was dated April 3, 1943, as heretofore pointed out. While waiting for this commission and for assignment of military duty, he accepted the employment as Deputy Sheriff above mentioned.

██ ██ Implicit in the argument of counsel is that any delay in the assignment to military duty after his resignation to enter the Army would disqualify Mr. Raney from retirement benefits under the above city ordinance. We cannot agree that he became thus disqualified. His brief service as Deputy Sheriff, insofar as it affected his rights, was as if he had been doing nothing prior to entering the Army. He had every right to assume that his commission in the Army would be forthcoming shortly after his resignation and that he would at once enter upon his military service. We cannot give the ordinance such a narrow interpretation and thus penalize the petitioner because of the Army's slowness and uncertainty in performing its ministerial duties. Moreover pension rights of employees are given a liberal interpretation by the courts. Thus in *Collins v. City of Knoxville,* 180

Tenn. 483, 489, 176 S.W.2d 808, 811, this principle is expressly approved in the following citation:

" 'It has been uniformly held that laws creating the right to pensions must be liberally construed with the view of promoting the objects of the lawmaking body.' 48 C.J., Pensions, sec. 4, p. 787; 43 C.J. Municipal Corporations, Secs. 1408, 1409.

" 'Where the language used may be so construed as to carry out a benign policy, within the reasonable intent of Congress, it should be done.' *Walton v. Cotton,* 19 How. 355, 60 U.S. 355, 358, 15 L.Ed. 658, 660.

"The force and effect of such statutes are not to be confined to their literal terms. *Yates County Nat. Bank v. Carpenter,* 119 N.Y. 550, 23 N.E. 1108, 7 L.R.A. 557, 16 Am.St.Rep. 855."

The assignments of error are overruled, and the Chancellor's decree is affirmed.