**CITY OF BIXBY, Oklahoma,
a Municipal Corporation,
Appellant,**

v.

**STATE of Oklahoma ex rel. DEPART-
MENT OF LABOR, and Robin Springer,
an individual, Appellees.**

No. 86759.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 24, 1996.

Certiorari Denied Dec. 19, 1996.

Phil Frazier, Tulsa, for Appellant.

W.A. Drew Edmonson, Attorney General, James Robert Johnson, Oklahoma City, for Appellee Department Of Labor.

Daniel S. Sullivan, Karen M. Grundy, Tulsa, for Appellee Robin Springer.

### OPINION

HANSEN, Presiding Judge:

Appellant, City of Bixby ("City"), seeks review of the trial court's December 11, 1995, order which affirmed an order of Appellee, Department of Labor ("Department"). Appellee Robin Springer ("Springer"), the former City Manager of City, was awarded $54,298.56 by Department for past-due wages and penalties thereon under 40 O.S. 1991, § 165.2 and § 165.3. The trial court affirmed Department's order, concluding it did not prejudice the substantial rights of City under 75 O.S. 1991, § 322.

The April 3, 1995, order of Department found Springer was hired on September 23, 1991, as the City Manager for the City of Bixby. In October, 1991, Claimant was involved in an automobile accident while performing his duties for City. On February 1, 1993, Springer informed the Bixby city council that he would be having surgery on February 24, 1993, for injuries received in the 1991 accident. On February 22, 1993, the city council voted to suspend Springer with pay for 30 days. On March 8, 1993, the city council voted to terminate Springer's employment. Springer was released from his doctor's care on July 12, 1993. Springer filed a Wage Claim Form with Department on April 22, 1993, for unpaid wages and benefits totaling $29,391.28 for the work period between March 8, 1993, and October 26, 1993. Department awarded Springer $10,490.40 for occupational leave wages from March 8, 1993 to July 12, 1993, $12,597.76 for three months and two weeks' salary provided under his employment contract, $4,061.12 in accrued vacation, and $27,149.28 as a penalty under 40 O.S. 1991, § 165.3.[1] City does not argue these awards are not responsive to the evidence or that City did not violate the contract provisions.

On appeal, City argues the judgment must be reversed because a) the employment agreement upon which Springer bases his claim is void, b) the agreement is invalid and/or voidable because it violates Article X, Section 26 of the Oklahoma Constitution, c) the Department of Labor lacked jurisdiction to hear this claim, and d) Springer is an employee at will.

---

1. 40 O.S. 1991, § 165.3(B) provides in part: "If an employer fails to pay an employee wages as required under subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day upon which payment is required; or in an amount equal to the unpaid wages, whichever is smaller; ...."

On appeal from the district court review of an agency decision, this Court must apply the same standards of review for error to the administrative record as does the district court. *Seely v. Oklahoma Horse Racing Commission,* 743 P.2d 685, 689 (Okla. App.1987); 75 O.S. 1991, § 322(1). Under 75 O.S. 1991, § 322(3), the reviewing court shall affirm the order and decision of the agency, if it is found to be valid and the proceedings are free from prejudicial error to the appellant. The agency's inferences, conclusions, findings or decisions may be modified or reversed only if one of the requisites of § 322(1)(a)–(g) are met. *Seely,* at 689; *Humana Hospital Corporation, Inc. v. Oklahoma Health Planning Commission,* 705 P.2d 175, 178, n. 6 (Okla.1985).

We first address City's challenge to Department's jurisdiction.[2] City maintains Department was without jurisdiction and venue to hear this administrative proceeding because at the time of hearings before Department, Springer had other actions, including a workers' compensation claim, pending for the same claims.[3] City maintains Department should have "deferred" this wage claim to Springer's action in the District Court for the Northern District of Oklahoma. The only authority cited to support this alleged error is 12 O.S. 1991, § 2012(B) and 40 O.S. 1991, § 165.1(3).[4]

Department's order provides it is authorized and empowered to collect wages of employees pursuant to 40 O.S. 1991, § 165.1 et seq. Sections 165.2 and 165.3 set forth certain requirements for the payment of wages due employees. Section 165.7 provides the "Commissioner of Labor shall enforce and administer the provisions of this act."[5] Although City alleged Springer had filed a state and federal case involving "the same subject matter", only the federal case remained pending at the time of the hearing before Department. City stated in its brief in support of its motion to dismiss that a copy of the petition in Springer's federal case was attached, but it was not included in the appellate record. Springer responds that his federal suit was based on the Americans With Disabilities Act, and furthermore that City settled this suit with him and expressly agreed that the settlement did not affect Springer's wage claim.[6] On the record before us, City has failed to demonstrate Department did not have jurisdiction to hear Springer's wage claim. This contention of error is without merit.

City maintains the September 23, 1991, employment contract between it and Springer is "the product of unlawful activity" and void because the evidence shows Springer's hiring resulted from violations by three city council members of the Open Meeting

2. City's motion to dismiss based on lack of "venue and jurisdiction" was denied by Department at the hearing.

3. The first hearing before Department was held on March 24, 1994 and the second hearing, granted in response to City's motion for rehearing, was held on March 1, 1995. It is from the Department's April 3, 1995, order that City sought review in district court.

4. City states in its appellate brief that Department did not have jurisdiction to hear Springer's claim because Springer was an "exempt employee" under 40 O.S. 1991, § 165.1(3). First, City has presented no authority or argument regarding how or why this contention applies to this case and divests Department of jurisdiction to hear Springer's wage claim. Second, this issue was not raised either in district court or in the agency hearing. City has waived review of this issue by this Court.

5. Section 165.7 was amended by O.S.L. 1993, Ch. 263, § 3, effective May 27, 1993. As amended, the statute sets forth in more detail, the

powers of the Commissioner of Labor with regard to wage claims, including the collection of claims through administrative proceedings. Subsection G of 40 O.S.Supp. 1995, § 165.7 provides: "The remedies provided by Sections 165.1 through 165.11 of this title shall be additional to and not in substitution for and in no manner impair other remedies. Additionally, one or more individuals who are aggrieved by violation of any provision of Sections 165.1 through 165.11 of this title shall be entitled to bring an action in his or their own name to enforce the provisions of such sections."

6. The settlement agreement provides: "The parties stipulate that this release in no way affects or compromises Plaintiff's labor proceedings, as set forth in the case of *In re Wage Claim of Robin Springer,* Case No. 935–1299–DL, which has been appealed to Tulsa County District Court, Case No. CJ–95–1754, nor does it act as a set-off for any damages claimed, nor any judgment awarded therein."

Act, 25 O.S. 1991, § 301 et seq. The agency order provides:

15. Respondent contends the contract is further void since it was entered into in violation of the Oklahoma Open Meetings Act. To further Respondent's position, exhibits were introduced relative to misdemeanor charges CM–91–1239 from the State of Oklahoma v. Jeneanne Maguire, C.W. Pete James, and James Jim Bennett, defendants, filed in the District Court in and for the County of Tulsa. A review of the documents submitted by the Respondent clearly indicates the actions with which these parties were charged dealt with activity on dates between August 1, 1991, to August 12, 1991. While Respondent repeatedly relies upon this argument, they have failed to provide any evidence to indicate an Open Meetings Act violation occurred on September 23, 1991, the date the contract was entered. Therefore, no acts have been proven to indicate any irregularities involved with the execution of Mr. Springer's contract with the City of Bixby. The Department finds that the effective date of Mr. Springer's hiring was September 23, 1991, and no Open Meetings Act violations occurred on that date.

The testimony and exhibits before the Department of Labor show three of the five Bixby city council members were charged with violations of the Open Meeting Act which occurred between August 1, 1991 to August 12, 1991 (Count I) and on August 14, 1991 (Count II). Two members pleaded guilty to the Count I violation of the Act and one member pleaded guilty to the Count II violation. It was during the August 14, 1991 meeting which is the subject of Count II, that Springer was hired as the city manager by three members of the council. Springer began his employment with City on August 14, 1991. *His employment contract with City, however, was not executed or accepted by the city council until September 23, 1991.* Although Springer was "hired" by the council during the August 14, 1991 meeting which violated the Open Meeting Act, the contract under which he seeks wages was not entered into and approved by the Bixby city council until September 23, 1991. There is no evidence, as the agency found, of any Open Meeting violation on September 23, 1991 or that the council proceedings were otherwise irregular. City has failed to demonstrate it was subsequently prohibited from entering into an employment contract with Springer in accordance with law, because it had hired Springer previously in a meeting which violated the Open Meeting Act.[7] We find no error in Department's findings in this regard.

Appellant next contends Springer's employment contract is void because it violates Article 10, Section 26 of the Oklahoma Constitution. Section 26 provides in part:

Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or subdivision of the state, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year without the assent of three-fifths of the voters thereof, voting at an election, to be held for that purpose....

In *City of Del City v. Fraternal Order of Police, Lodge No. 114*, 869 P.2d 309, 311 (Okla.1993), the Supreme Court stated:

The purpose behind this constitutional provision is to force cities and municipalities to operate on a cash basis, and to prevent indebtedness extending beyond one year. *Independent School District No. 1 v. Howard*, 336 P.2d 1097 (Okla.1959); *Town of Red Fork v. Gantt–Baker Co.*, 130 Okl. 175, 266 P. 444, 447 (1928). This section restricts the power of a city to incur indebtedness payable out of tax revenues beyond the year. *Fairbanks, Morse & Co. v. City of Wagoner*, 81 F.2d 209 (10th Cir.1936). It serves not only as a restriction on the city but also on the legislature; the legislature cannot relieve the city of the burden of following the mandate of Section 26. *Protest of Carter Oil Co.*, 148 Okl. 1, 296 P. 485, 488 (1931); *Perrine v.*

---

7. The case cited by City, *Haworth Board of Education of Independent School District No. 1–6, McCurtain County v. Havens*, 637 P.2d 902 (Okla. App.1981), is distinguishable. In *Havens*, a superintendent was hired *and his contract approved* during a meeting which violated the Open Meeting Act. The Court determined the employment contract was void.

*Bonaparte,* 140 Okl. 165, 282 P. 332, 333 (1929); *St. Louis–San Francisco Ry. Co. v. Andrews,* 137 Okl. 222, 278 P. 617 (1929).

See also *Faught v. City of Sapulpa,* 145 Okla. 164, 292 P. 15 (1930). In *City of Del City,* the Court concluded the "Evergreen Clause" contained in the Oklahoma Fire and Police Arbitration Act, 11 O.S. 1991, § 51–105, which continues an existing collective bargaining agreement with the city beyond its stated date of expiration until a new agreement is reached, is unconstitutional under Art. 10, § 26 because it requires municipalities to perpetuate contracts beyond the constitutionally-permitted one year.

The September 23, 1991 contract between Springer and City provides:

2. *Term*

(a) Nothing in this Agreement shall prevent, limit or otherwise interfere with the right of the City Council to terminate the services of the Employee at any time subject only to the provisions set forth in Section 3, paragraphs A, B, and C of this Agreement.

(b) Nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of the Employee to resign at any time from his position with the City, subject only to the provision set forth in Section 3, paragraph D, of this Agreement.

(c) This Agreement shall be automatically extended on the same terms and conditions as herein provided, for terms of one (1) year, unless written notice is given by either party at least ninety (90) days before the anniversary date of this Agreement. Employee will receive semi-annual reviews. Employee shall receive fifty dollars ($50.00) per month for car insurance.

Paragraph 3(b) provides that if Springer's employment is terminated before the expiration of the term during such time he is willing and able to perform his duties, the Mayor agrees to give him 14 days' written notice and at the end of the fourteen day period, pay Springer a lump sum cash payment equal to 3 months' aggregate salary plus accrued vacation and fringe benefits. It is under this subparagraph that Springer sought and was awarded two weeks' and three months' severance pay from July 12, 1993.

■ Department found the anniversary date of the contract was September 23rd of each year and that Springer's contract was extended for one year when City did not give him 90 days' notice prior to September 23rd. Department concluded the *City of Del City* case was inapplicable and Springer's contract did not violate Art. 10, § 26 of the Oklahoma Constitution.[8] It is undisputed the fiscal year for the City of Bixby extends from July 1 through June 30.

The term of Springer's contract straddles two fiscal years and therefore "exceed[s], in any year the income and revenue provided for such year". The fact that the contract may be nonrenewed 90 days before a new term starts, does not alter the fact that the yearly contract binds the City's next fiscal year with a portion of Springer's salary for that term. If notice is not given by 90 days before the end of the term, the indebtedness, whether it be for severance pay or regular pay, is incurred by City on the 89th day before the expiration of the term, which falls in one fiscal year, while the employment contract term and the compensation to be paid thereunder, begins in the succeeding fiscal year. There is no exception in Article 10, Section 26, as there is for teacher contracts, which authorizes a city to enter into contracts which exceed the current-year fiscal limits and which incur debt against a succeeding fiscal year.[9] Accordingly, the

---

8. Both parties admit the trial court erred in its finding in the order that Springer's contract stated "The employment agreement will be renewed annually beginning July 1st of each year." This language is not contained in the contract. City admits that if this finding had been accurate, its claim of an Art. X, § 26 violation would not apply.

9. Art 10, § 26 provides in part that "... nothing in this section shall prevent, under such conditions and limitations as shall be prescribed by law, any school district from contracting with: (a) certificated personnel for periods extending one (1) year beyond the current fiscal year; or (2) a school superintendent for periods extending more than one (1) year, but not to exceed three (3) years beyond the current fiscal year." See Attorney General Opinion No. 80–272 (1980) and 70 O.S.Supp. 1995, § 6–101.

September 23rd to September 23rd yearly term of Springer's contract, which is contained in paragraph 2(c) of the contract, violates Article X, § 26.

◼◼◼ Generally, contracts which violate Article X, § 26 are void. *Dungan v. Independent School District No. 39 of Gage,* 182 Okl. 385, 77 P.2d 1117 (1938). The Springer contract, however, contains a severability clause. It provides:

> 6. *Severability.* The provisions of this Agreement shall be deemed severable and the invalidity or unenforceability of any provision shall not effect the validity of [sic?] unenforceability of the other provisions hereof.

When a contractual provision is determined to be invalid and unenforceable, the trial court must determine whether the remaining parts of the contract may be enforced. *Hargrave v. Canadian Valley Electric Cooperative, Inc.,* 792 P.2d 50, 60 (Okla.1990). The enforceability of the remaining contractual provisions is dependent upon the expectations of the parties. *Id.* The entire contract is unenforceable if the invalid contractual provision is an *essential part of the agreement* and *the parties would not have agreed absent that provision. Hargrave,* at 60. If the unenforceable provision is not an essential part of the contract, the offending provision will be excised and the remaining portions of the contract will be enforced.

◼◼◼ The employment agreement had as its purpose, the employment of Springer as City Manager, for a term specified in the contract. Salary, salary increases, and vacations were set on an annual basis. Both parties could terminate Springer's employment at any time. The contract term provid-

ed for an automatic extension of the contract for terms of one year, unless written notice was given 90 days prior to the anniversary date of the contract. The contract was dated September 23, 1991. There is no dispute City did not give Springer 90–day notice of nonrenewal for the September, 1992–September, 1993 term. City paid Springer monthly from the beginning of that term until his employment was terminated on March 8, 1993.

City presented no evidence whatsoever, that the annual contract term which began the date the contract was executed, was an essential part of the bargain and that City would not have agreed to such contract absent a September 23rd yearly term.[10] Furthermore, the wage benefits Springer sought to collect under the contract and was awarded, stem from violation of paragraph 3(b) of the contract, the 14–day notice provision, which is triggered if Springer's employment is terminated before the expiration of the yearly term. His employment was terminated on March 8, 1993, undisputedly not the end of the contract term. In view of the facts presented in the record, we cannot conclude the invalid provision in the employment contract requires the result that the whole contract is void. Although Department's reasoning on this issue differs from our analysis, the result reached in the order is free from error and must be sustained.

Finally, City argues Springer was an "employee at will" and that his contract is "contrary to the fiscal affairs of the City" and beyond the limitations imposed by the Oklahoma Constitution and 11 O.S. 1991, § 10–106 et seq. This assignment of error appears to be a summary of City's prior arguments and it is therefore, denied.[11]

---

10. This is almost identical to the contract which City made with one Webb, Springer's successor to the city manager position. The Webb contract is dated September 27, 1993 and provides that employment shall commence on October 16, 1993 and continue until June 30, 1994. The one-year automatic extension of the contract runs from July 1, 1994 and thereafter for terms of one year subject to the written notice of nonrenewal 90 days "before the anniversary date of this Agreement."

11. We can find nothing in the record to indicate City presented argument to either the Depart-

ment or the district court on review, regarding whether Springer was or was not an "employee at will" and/or how this issue relates to the wage benefits he was awarded by the Department's order. Generally, issues not presented to the trial court are not proper for review by this Court. *Bane v. Anderson, Bryant & Co.,* 786 P.2d 1230, 1236 (Okla.1989). Furthermore, we refuse to consider assignments of error, unsupported by convincing argument or authority, unless it is apparent, without further research, that they are well taken. *James v. State Farm Mutual Automo-*

City has failed to demonstrate the appealed-from order should be set aside, modified or reversed under 75 O.S. 1991, § 322(1). The order of the district court, affirming the decision of the Department of Labor, is therefore AFFIRMED.

JOPLIN, J., and BUETTNER, J., concur.

*bile Insurance Company,* 810 P.2d 365, 371     (Okla.1991).