31 P.3d 392 (2001)
2001 OK CIV APP 99
In the Matter of John Clarence CABLE, Robert Ray Frantz, Melvin D. Martin, Bobby Ray Merrill, James Henry Thomas, George Driever, George Anderson Guerrero, Larry Don Hammett, Jessie Lee Neil, James Gordon Wheatley, and Marie Crowell, Widow of George S. Mitchell, Deceased, Plaintiffs/Appellants/Counter-Appellees,
v.
STATE of Oklahoma ex rel. the OKLAHOMA POLICE PENSION AND RETIREMENT BOARD, Defendant/Appellee/Counter-Appellant.
No. 93,447.
Court of Civil Appeals of Oklahoma, Division No. 4.
June 29, 2001.
Stephen J. Merrill, James A. Williamson, Tulsa, for Plaintiffs/Appellants/Counter-Appellees.
Honorable Drew Edmondson, Attorney General, Steven K. Snyder, Assistant Attorney General, Oklahoma City, for Defendant/Appellee/Counter-Appellant.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 4.
*394 TAYLOR, J.
¶ 1 In this appeal from a decision of the district court reviewing a decision of the Oklahoma Police Pension and Retirement Board (Board), Plaintiffs challenge the district court's denial of their request for interest on military service credit that Board had denied them. Board counter-appeals, challenging the district court's determination that Plaintiffs are entitled to military service credit toward their retirement benefits, pursuant to 72 O.S. Supp.1997 § 67.13a. Having reviewed the record and applicable law, we find that the district court erred in denying Plaintiffs' request for interest, but that it correctly held that Plaintiffs are war veterans *395 within the meaning of § 67.13a. Therefore, we affirm in part, reverse in part, and remand for further proceedings.
¶ 2 Plaintiffs, retired police officers, had served in and retired from different branches of the military before becoming police officers. On May 4, 1998, they filed an application with Board to receive credit toward their pensions as war veterans, pursuant to 72 O.S. Supp.1997 § 67.13a. Following a hearing, Board denied the request for credit, finding that, although Plaintiffs had served during some of the periods of wartime listed in § 67.13a, they were not entitled to credit because none of them had sustained a service-connected disability of 20% or greater. Plaintiffs appealed Board's decision to the district court, challenging Board's denial of credit and seeking interest on the denied retirement benefits. The district court reversed Board's decision, finding Plaintiffs are war veterans entitled to credit pursuant to § 67.13a. However, the district court denied Plaintiffs' request for interest. Plaintiffs appeal the district court's denial of interest, and Board counter-appeals the district court's finding that Plaintiffs are entitled to credit.

PLAINTIFFS' ENTITLEMENT TO MILITARY SERVICE CREDIT

Statute of Limitations
¶ 3 Board argues that Plaintiffs' claims for credit are barred by the statute of limitations. When Plaintiffs appealed to the district court, Board had the duty to transmit the record to the district court for review, 75 O.S.1991 § 320.[1] Moreover, with regard to its counter-appeal to this court, Board had the duty to designate those portions of the record that are necessary for review of their statute of limitations argument. See Rules 1.28, 1.76(b), Supreme Court Rules, 12 O.S. Supp.2000, ch. 15, app. We find nothing in the record presented to us by Board to indicate that the statute of limitations issue was presented at the Board hearing.[2] We will not consider issues that were not presented to the Board. See City of Bixby v. State ex rel. Dep't of Labor, 1996 OK CIV APP 118, n. 4, 934 P.2d 364, 367 (appellate court would not consider issue that had not been presented to agency or district court); Seely v. Oklahoma Horse Racing Comm'n, 1987 OK CIV APP 61, ¶ 11, 743 P.2d 685, 690 (appellate court would not consider issue that had not been presented to administrative agency). Because we find nothing in the record to indicate that the statute of limitations argument was presented at the Board hearing, we will not address Board's argument on this issue.[3]

The Meaning of § 67.13a
¶ 4 Board also argues that the district court erred in giving military service credit to Plaintiffs.[4] This issue requires statutory construction, which is a question of law; thus, we review the district court's determination de novo, giving no deference to its findings. Wilson v. State ex rel. Dep't of Public Safety, 2000 OK CIV APP 28, ¶ 10, 998 P.2d 1241, 1243.
¶ 5 To begin, we must look at the set of statutes entitled the "War Veterans Commission of Oklahoma  Revolving Fund," 72 *396 O.S.1991 & Supp.1997 §§ 67.11 through 67.15. These statutes are included in the Soldiers and Sailors Act, which was enacted "to provide benevolent services by the state for the care and protection of `ex-service persons.'" McNeill v. City of Tulsa, 1998 OK 2, ¶ 12, 953 P.2d 329, 332. Section 67.13, authorizes the War Veterans Commission to "make expenditures or loans . . . for emergency financial aid in the maintenance or support of honorably discharged war veterans."
¶ 6 The particular statute in controversy here, 72 O.S. Supp.1997 § 67.13a, defines the phrase "war veterans," as used in § 67.13, as honorably discharged persons who served in the Armed Forces during various periods of wartime.[5] Section 67.13a confers certain benefits on honorably discharged war veterans, such as tax exemptions, special permits, and veterans' preferences for state employment. The crux of the controversy in this case arises from the last paragraph of § 67.13a, which provides, in pertinent part, as follows:
War veterans, as defined above, shall receive maximum benefits available for each year of creditable service, not to exceed five (5) years, for active military service for retirement benefits in the retirement systems within the State of Oklahoma . . . . The provisions of this act shall include military retirees, whose retirement was based only on active service, that have been rated as having twenty percent (20%) or greater service-connected disability by the Veterans Administration or the Armed Forces of the United States.[6]
¶ 7 Based on the last sentence of § 67.13a, Board argues that only those veterans who have a 20% or greater service-connected disability are entitled to military service credit. We disagree. Board's focus is too narrow and basically ignores the remaining language of § 67.13a.
¶ 8 The primary goal of statutory construction is to ascertain the legislative intent in light of the statute's general purpose and object. Messer-Bowers Co., Inc. v. State ex rel. Okla. Water Resources Bd., 2000 OK 54, ¶ 18, 8 P.3d 877, 882. In ascertaining legislative intent, we first look to the language of the statute and presume that the legislature has expressed its intent and intended what it expressed. Id.; see also McNeill, 1998 OK 2, ¶ 9, 953 P.2d at 332.
In the interpretation of statutes, courts do not limit their consideration to a single word or phrase in isolation to attempt to determine their meaning, but construe together the various provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention and will, and attempt to avoid unnatural and absurd consequences. Words and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context and they must harmonize with other sections of the act to determine the purpose and intent of the legislature.. . . The subject matter and purpose of a statute are material to ascertaining the meaning of a word or phrase used and that language should be construed to be harmonious with the purpose of the act, rather than in a way which will defeat it. . . .
*397 Id. at ¶ 11, 953 P.2d at 332 (citations omitted).
¶ 9 Also relevant to statutory construction under the particular facts of this case is the general rule that retirement and pension plans and statutes relevant thereto are to be liberally construed in favor of the pensioner. Dangott v. ASG Industries, Inc., 1976 OK 131, ¶ 12, 558 P.2d 379, 383; City of Ardmore ex rel. Firemen's Relief and Pension Bd. v. Ozment, 1970 OK 54, ¶ 12, 467 P.2d 502, 504; Roberts v. Board of Trustees of Firemen's Relief & Pension Fund, 1956 OK 17, ¶ 17, 292 P.2d 408, 411. The liberal construction of pension statutes is especially significant when addressing military service credit, because laws regarding "employees who enter the armed forces in time of war or emergency are favored." Quam v. City of Fargo, 77 N.D. 333, 43 N.W.2d 292, 295 (1950) (quoting Gibson v. City of San Diego, 25 Cal.2d 930, 156 P.2d 737, 740 (1945)); see also Raney v. Board of Admin. of Retirement Sys., 201 Tenn. 283, 298 S.W.2d 729, 732 (1957) (liberally construing statute allowing credit for military service).
¶ 10 Viewing the language of § 67.13a in its entirety and the evident intent of the legislature, Board's interpretation of § 67.13a cannot stand. Section 67.13a specifically states that the "words `war veterans' . . . shall be construed to mean such honorably discharged persons" as those who served in the Armed Forces during certain periods of wartime. It is undisputed that Plaintiffs all served during some of the periods of wartime listed. Section 67.13a further provides that "[w]ar veterans, as defined above, shall receive maximum benefits available for each year of creditable service, not to exceed five (5) years, for active military service for retirement benefits in the retirement systems within the State of Oklahoma." (Emphasis added.) The emphasized language, which immediately follows the definition of war veterans, shows that the provision regarding retirement credit for military service applies to the "war veterans" who served in the Armed Forces during the listed periods of wartime  in particular, Plaintiffs.
¶ 11 The sentence in § 67.13a upon which Board relies merely modifies the general definition of war veterans that precedes it. Although the sentence uses the phrase "shall include," when that phrase is viewed in the context of the entire section, it cannot be said that the definition of "war veterans" includes only military retirees whose retirement was based on active service and who have 20% or greater service-connected disability. To read the sentence as Board suggests would be to ignore the rest of § 67.13a.
¶ 12 The history of the portion of § 67.13a which is in controversy supports our conclusion. That portion was added by a 1981 amendment. The legislative act amending § 67.13a was entitled: "`AN ACT RELATING TO SOLDIERS AND SAILORS; AMENDING 72 O.S.1971, SECTION 67.13a. . .; DEFINING WAR VETERANS; EXPANDING SUCH DEFINITION; AND DECLARING AN EMERGENCY.'" Allen v. State ex rel. Bd. of Retirement Sys. for Justices and Judges, 1988 OK 99, n. 14, 769 P.2d 1302, 1305 (quoting H.B. 1175, Okla. Sess. L.1981, Ch. 288, § 1).[7] The title indicates that the purpose of the amendment was to expand the definition of war veterans, which the amendment did by adding two previously omitted groups: (1) those persons who served as members of the 45th Division between September 16, 1940, and December 7, 1941; and (2) "military retirees, whose retirement was based only on active service, that have been rated as having twenty percent (20%) or greater service-connected disability."[8] In light of the stated purpose of the amendment, it cannot be said that the purpose of the amendment was to limit the definition of war veterans to only military retirees who have a 20% or greater service-connected disability.
*398 ¶ 13 In support of its argument, Board relies on a footnote from Allen, 1988 OK 99, n. 4, 769 P.2d 1302, 1303, in which the supreme court stated, "Military retirees who are included within the scope of [§ 67.13a] are persons whose military service credit benefits are based only on active service and who have been rated as having twenty percent (20%) or greater service-connected disability. . . ." The footnote from Allen does not support Board's argument. The statement is dicta in that it is "neither necessary to support the conclusion reached nor applicable to the situation." American Trailers, Inc. v. Walker, 1974 OK 89, ¶ 18, 526 P.2d 1150, 1154. The main issue that the supreme court addressed in Allen was whether the 1981 amendment to § 67.13a was unconstitutional because the title to the amendment "did not embrace the subject of the amendment  the allowance of credit for prior military service in state retirement systems." Allen, 1988 OK 99, ¶ 7, 769 P.2d at 1305. The supreme court's mere statement of the content of § 67.13a was unnecessary to its conclusion that any defect in the title had been cured. Thus, the statement is not controlling of the outcome here. See American Trailers, 1974 OK 89, ¶ 18, 526 P.2d at 1154.[9]
¶ 14 Board also argues that Plaintiffs are not "war veterans" because § 67.13a "clearly construes `war veterans' to mean those individuals who were discharged from the Armed Forces, not those individuals who were retired from the Armed Forces." We disagree. We find persuasive the California Supreme Court's decision in Dierkes v. City of Los Angeles, 25 Cal.2d 938, 156 P.2d 741 (1945). The plaintiff in Dierkes had served in the Navy for 16 years prior to joining the Los Angeles Police Department. While serving in the police department, the Navy placed him on retired status, but he remained subject to recall to active duty in case of war or national emergency. While he was still on the police force, the plaintiff was recalled to active duty in World War II. Shortly after returning to the police force after his active duty, the plaintiff applied for his retirement pension on the ground that he was entitled to have his recent military service credited to his time with the police department. The Board of Pension Commissioners of the City of Los Angeles denied the plaintiff's request, partially on the ground that, when he returned to the police force, he was still subject to recall and, thus, had not been "honorably discharged" as required by the statute that provided for military service credit. The California Supreme Court disagreed with the board, finding as follows:
[H]ere it is our duty to avoid . . . a result which would upon a purely arbitrary basis. . . confer credit benefits upon some city employee-veterans who had served the nation honorably in the armed forces (and had been `discharged') while denying such benefits absolutely to other city employee-veterans who had served equally honorably in the armed forces (but who had been transferred to inactive status in the reserve corps or retired instead of being discharged).
We are satisfied that the words `honorably discharged from such service' must be construed to mean, in a proper case, honorably relieved, released, transferred or retired from active duty status . . . .
Id. at 744-45. See also Quam v. City of Fargo, 77 N.D. 333, 43 N.W.2d 292, 296 (1950) (plaintiff entitled to military service credit where he received certificate of "honorable service," even though statute used phrase "honorable discharge"; the intent of both phrases "is that the service in the military forces shall have been honorable").
¶ 15 We agree with the California court's analysis and find that the phrase "honorably discharged" in § 67.13a should be construed to include persons who are honorably relieved, released, transferred, or retired from active duty status. Here, the record indicates that Plaintiffs were "honorably" retired from active duty status. *399 Therefore, they come within the meaning of war veterans under § 67.13a.
¶ 16 Keeping in mind the rule requiring liberal construction of pension statutes, and viewing § 67.13a in its entirety and in its historical context, we reject Board's interpretation of § 67.13a. We find that Plaintiffs are war veterans within the meaning of § 67.13a, and are entitled to military service credit.

PLAINTIFFS' ENTITLEMENT TO INTEREST
¶ 17 In their appeal to the district court from Board's decision, Plaintiffs prayed for "interest on said retirement benefits to which they were entitled but were not paid, together with any other equitable relief to which they may be entitled." The district court denied the request for interest, finding that Plaintiffs "are not entitled to receive the interest (or profits) earned by Board from investing [Plaintiffs'] undistributed retirement benefits." Plaintiffs appeal the district court's ruling.
¶ 18 "Generally, prejudgment interest is not awarded in the absence of statutory authority." Heiman v. Atlantic Richfield Co., 1995 OK 19, ¶ 14, 891 P.2d 1252, 1258. "`Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" Withrow v. Red Eagle Oil Co., 1988 OK 16, ¶ 8, 755 P.2d 622, 624 (quoting West Virginia v. United States, 479 U.S. 305, 311, n. 2, 107 S.Ct. 702, 706, n. 2, 93 L.Ed.2d 639 (1987)). Under 23 O.S.1991 § 6, "Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . ."[10] "Damages are `certain' within the meaning of § 6 if they are liquidated or capable of ascertainment before judgment . . . ." Taylor v. State Farm, 1999 OK 44, ¶ 17, 981 P.2d 1253, 1261.
¶ 19 In the instant case, the record shows that Plaintiffs each retired on an ascertainable day and they each served during defined periods of wartime that were capable of calculation. Therefore, the amount of military service credit attributable to each Plaintiff's retirement benefits was ascertainable from the respective date of each Plaintiff's retirement. Pursuant to 23 O.S.1991 § 6, they are entitled to prejudgment interest from the dates of their retirements, and the district court erred in denying their request for prejudgment interest. Therefore, we must remand this case to the trial court to calculate interest from the respective dates on which each Plaintiff retired, and at the legal rate of 6% per annum, pursuant to 15 O.S.1991 § 266.[11]See Heiman, 1995 OK 19, ¶¶ 14, 16, 891 P.2d at 1258; Harrell v. Samson Resources, 1998 OK 69, ¶ 40, 980 P.2d 99, 108.[12]

*400 CONCLUSION
¶ 20 The district court correctly concluded that Plaintiffs are "war veterans" within the meaning of § 67.13a and are thus entitled to military service credit towards their retirement benefits. However, the district court erred in refusing to grant prejudgment interest to Plaintiffs; therefore, we must remand to the district court to calculate prejudgment interest in a manner consistent with this opinion.
¶ 21 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
REIF, V.C.J. (sitting by designation), and STUBBLEFIELD, P.J., concur.
NOTES
[1] An appeal to the district court of a decision of the Oklahoma Police Pension and Retirement Board is "governed by the Administrative Procedures Act." 11 O.S.1991 § 50-129.
[2] In their response to Board's counter-appeal, Plaintiffs state that Board did not present the statute of limitations argument at the Board hearing. Board does not dispute this statement.
[3] Plaintiffs argue that Board is barred from arguing the statute of limitations defense on appeal because it did not raise it as an allegation of error in its counter-petition-in-error. However, a "petition in error is deemed amended to include errors set forth in the propositions in the brief-in-chief." Rule 1.26, Supreme Court Rules, 12 O.S. Supp.2000, ch. 15, app.
[4] Board makes two arguments in this regard: first, that the statutes governing the Oklahoma Police Pension Retirement System do not allow for military service credit at all; and, second, that 72 O.S. Supp.1997 § 67.13a only allows military service credit to retirees who have been rated with a 20% or greater service-connected disability. We will not address Board's first argument, because, according to the appellate record, Board did not raise it before the district court. See City of Bixby v. State ex rel. Dep't of Labor, 1996 OK CIV APP 118, n. 4, 934 P.2d 364, 367.
[5] These various periods of wartime include World War I; World War II (beginning in 1940 for those persons in the 45th Division, and extending from December 7, 1941, to December 31, 1946, for all others); the Korean, Vietnam, and Persian Gulf conflicts; and periods of time in which the United States participated in a war, military or naval campaign, or expedition.
[6] It should be noted that a 1998 amendment to § 67.13a deleted the first sentence of this quoted paragraph. However, all the Plaintiffs in this appeal retired from the police force prior to the amendment. Moreover, at the same time that § 67.13a was amended, a 1998 amendment to 11 O.S. Supp.1998 § 50-128(B), dealing with the Oklahoma Police Pension and Retirement System (OPPRS), added the following language:

A member who retires on or after July 1, 1998, shall receive maximum benefits available for each year of creditable service, not to exceed five (5) years, for active military service for retirement benefits for service rendered prior to being hired by a Police Department.
Section 50-128(B) then tracks § 67.13a's definition of "war veterans." Thus, qualifying members of the OPPRS are still entitled to receive military service credit.
[7] The language in the title of an act may be considered in ascertaining the legislative intent of a statute. Atkinson v. Halliburton Co., 1995 OK 104, ¶ 17, 905 P.2d 772, 775; Kratz v. Kratz, 1995 OK 63, 905 P.2d 753, 756.
[8] As pointed out by the district court, this sentence can be interpreted to expand § 67.13a to include "disabled military retirees, . . . whether they served during war time or not, in addition to those that qualify as war veterans pursuant to one or more paragraphs set forth in 72 O.S. § 67.13a."
[9] We also note that, in the body of the opinion in Allen, the supreme court stated, "The Legislature amended 72 O.S.1971 § 67.13a . . ., to allow military service credit for war veterans or disabled military retirees who are members of any state retirement system (including URSJJ)." Allen, 1988 OK 99, ¶ 2, 769 P.2d at 1303-04 (emphasis added). The use of the word "or" appears to conflict with footnote 4. It is clear that the supreme court did not intend to make any precedential rulings on the meaning of "war veterans" as used in § 67.13a.
[10] In this appeal, Plaintiffs argue for interest based on the equitable theory of constructive trust. However, because Plaintiffs made a general request for prejudgment interest in their appeal to the district court, we address the request for interest under 23 O.S.1991 § 6.
[11] 15 O.S.1991 § 266 provides, "The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest. . . ."
[12] In their brief on appeal, Plaintiffs request an award of the "profits/interest earned by the BOARD from investing the undistributed retirement benefits." However, as stated above, prejudgment interest is allowed only pursuant to statute. Thus, in the instant case, Plaintiffs' prejudgment interest must be calculated pursuant to 15 O.S.1991 § 266. Moreover, the Oklahoma Supreme Court has rejected the argument that prejudgment interest can be awarded as an element of damages, even in the absence of a statute providing for prejudgment interest. In Withrow v. Red Eagle Oil Co., 1988 OK 16, 755 P.2d 622, the plaintiffs claimed that, even if they were not entitled to prejudgment interest under 23 O.S. 1991 § 6, they were entitled to be compensated for the loss of use of money. The supreme court rejected the plaintiffs' argument, noting that "`the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution.'" Id. at ¶ 7, 755 P.2d at 624 (quoting Library of Congress v. Shaw, 478 U.S. 310, 321, 106 S.Ct. 2957, 2965, 92 L.Ed.2d 250 (1986)). The supreme court saw "no distinction in awarding interest as damages and prejudgment interest as interest." Id. at ¶ 8, 755 P.2d at 624. Plaintiffs' request for an award of the "profits/interest" that Board earned from investing the undistributed retirement benefits is nothing more than an attempt to devise a new name for prejudgment interest.